

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------------------------------------

JAMIE RICE

          Plaintiff

v

RANDY J. SCHAEFER, ESQ

THE MARGOLIN & WEINREB LAW GROUP, LLP

GUSTAVIA HOME, LLC

JARED DOTOLI

CROSBY CAPITAL USA &

YONEL DEVICO

          Defendants

**COMPLAINT**

CV17 - 2782

Civil Case No. 17-CV- -----------------

MAUSKOPF, J.

KUO, M.J.

-------------------------------------------------------------------------------------------------------------

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

Plaintiff Jamie Rice brings this action for redress against the defendants for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et Seq., ("FDCPA"); New York General

Business Law § 349 A; Violations of New York City Administrative Code § 20-490, Civil

Conspiracy in violation of New York penal Law § 105.25 and conspiracy to join an existing

conspiracy in violation of title 18 U.S.C. § 371.

1

**I.** <u>**JURISDICTION**</u>

1. This Court has jurisdiction for the first count pursuant to the FDCPA, 15 U.S.C. § 1692 k (d), and 28 U.S.C. § § 1331 & 1337.

2. This Court has supplemental Jurisdiction over the State Law claims Pursuant to 28 U.S.C. § 1367.

**II.** <u>**PARTIES**</u>

3. Plaintiff Jamie Rice, at all times and places herein, is the owner of the subject property located in Queens County New York but resides at 377 Nostrand Avenue, 2nd Floor, Brooklyn, (Kings County) New York 11216.

4. Defendant Randy J. Schaefer is the attorney that initiated legal action without looking into his legal basis, but is employed by the law firm located at 165 Eileen Way, Suite 101, Syosset, (Nassau County) New York 11791.

5. The Margolin & Weinreb Law Group, LLP was retained to initiate legal action against plaintiff and the firm is located at 165 Eileen Way, Suite 101, Syosset, (Nassau County) New York 11791.

6. Defendant Gustavia Home, LLC initiated legal action against Rice purporting to be the owner of the security instrument with offices located at 104 SE 8th Avenue, Fort Lauderdale (Broward County) Florida 33301.

7. Defendant Jared Dotoli is the managing member and the 100% owner of Gustavia Home, LLC but resides at 3300 NE 192nd Street, Unit LP01, Aventura (Miami-Dade County) Florida 33108 according to his real estate sales license No. SL3299990.

8. Defendant Crosby Capital USA is the entity that sold the second mortgage to Gustavia Home, LLC, after the statute of limitation to collect on the debt had expired, and is not

registered to conduct business in the State of New York according to the New York State Department of State, Division of Corporations Records, but has its Corporate offices located at 469 Seventh Avenue, 4th Floor, New York, (New York County) New York 10018-7605.

9. Defendant Yonel Devico is a member of Crosby Capital USA, aka Crosby Capital LLC with offices located at 469 Seventh Avenue, 4th Floor, New York, (New York County) New York 10018-7605.

10. At all times relevant to this transaction, plaintiff Jamie Rice was and is a **Consumer** within the meaning of 15 U.S.C. § 1692 a (3).

11. At all times relevant to this transaction, plaintiff Jamie Rice was and is a **Consumer** within the meaning of New York General Business Law § 349 (a).

12. At all times relevant to this transaction, defendants Randy J. Schaefer, the Margolin & Weinreb Law Group, LLC, Gustavia Home, LLC, and Jared Dotoli, were and are debt collectors within the meaning of 15 U.S.C. § 1692 a (6), as they regularly collects or attempt to collect debts owed or due another.

13. At all times relevant to this transaction, defendants Gustavia Home, LLC and Jared Dotoli, were and are **Debt Collectors** within the meaning of 15 U.S.C. § 1692 A (6), as they regularly collect or attempt to collect debts owed or due another.

14. At all times relevant to this transaction, defendants Randy J. Schaefer, the Margolin & Weinreb Law Group, LLP, were and are **Suppliers** within the meaning of New York General Business Law § 349 (a), as they each engaged in the business of effecting consumer transactions.

15. At all times relevant to this transaction, defendants Crosby Capital USA, and Yonel Devico, were and are facilitators within the meaning of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, as they act as facilitators to facilitate Rackets, and engaged in a conspiracy to join an existing conspiracy in violation of title 18 U.S.C. § 371.

III.                    **FACTUAL ALLEGATIONS**

16. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten.

17. On May 10, 2016, Gustavia Home LLC, through its attorneys, the Margolin & Weinreb Law Group, LLP initiated legal action in the United States District Court for the Eastern District of New York, in the case of Gustavia Home, LLC v. Jamie Rice, Case No. 16-cv-02353 (BMC).

    **Exhibit A**. Complaint which Gustavia Home, LLC filed against Jamie Rice.

18. The affirmation of Randy J. Schaefer dated May 10, 2016 states in paragraph No. 2, "On April 18, 2016, I communicated with the following representative or representatives of plaintiff, who informed me that he (a) personally reviewed plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the verified complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith. Name: Jared Dotoli, title: Manager."

19. Paragraph No. 3 of the affirmation of Randy J. Schaefer dated May 10, 2016 states, "Based upon my communication with Jared Dotoli, as well as upon my own inspection, review and other reasonable inquiry under the circumstances, including, but not limited to the review of the facts of the case as well as of the underlying note, mortgage and assignments, if any, modification (s), if any and extension and consolidations, if any, I affirm that, to the best of my knowledge, information, and belief, there is a reasonable basis for the commencement of the within foreclosure action and that plaintiff is currently the Creditor entitled to enforce the rights of said documents noted above. A copy of the note, mortgage and assignments, if any, modification (s), if any and extension and consolidation, if any, are annexed hereto."

**Exhibit B**. Affirmation of Randy Schaefer, Esq dated May 10, 2016.


20. According to myfloridalicense.com, Jared Dotoli is a licensed real estate sales person with an address of 3300 NE 192nd Street, Unit LP01, Aventura, Florida 33108 and is currently employed by BEX Realty LLC.

**Exhibit C.** Licensee details for Jared Dotoli from myfloridalicense.com


21. According to BEX Realty website, "In Broward County, our office is located at 104 SE 8th Avenue in Fort Lauderdale."

**Exhibit D.** Printout from BEX Realty website.


22. According to the Florida Department of State Division of Corporations, the address for Gustavia Home, LLC is 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

**Exhibit E.** Florida Department of State Division of Corporations Records for Gustavia Home, LLC.

23. According to the Electronic Articles of Organization for Gustavia Home, LLC, its manager is Simy Devico located at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301. **Exhibit F**. Electronic Articles of Organization for Gustavia Home, LLC.

24. According to the allonge to the Balloon note filed with the complaint, Yonel Devico is a member of Crosby Capital USA and there is no evidence submitted to the Court of the date of physical delivery of the note to Gustavia Home, LLC.
**Exhibit G.** Balloon note indorsed by Yonel Devico purporting to be a member of Crosby Capital LLC.

25. However, according to an affidavit in support of motion for summary judgment in lieu of complaint, in the case of Blue Lagoon LLC v Jake K. Lewis, Case No. 702001/2017 filed in the Queens County Supreme Court by the Margolin & Werinreb Law Group LLP, Yonel Devico is a member of Blue Lagoon, LLC, a Delaware LLC with its principal place of business located at 104 SE 8th Avenue, Suite 2, Fort Lauderdale, Florida 33301. **Exhibit H**. Complaint by Blue Lagoon against Jake K. Lewis with affidavit in support executed by Yonel Devico.

26. According to the mortgage submitted to the Court, the loan originator was E-Loan, Inc, but according to the New York State Department of State, Division of Corporations

records, E-Loan, Inc., was not registered to conduct business in the State of New York which means that the loan was void ab initio.

**Exhibit I**. Mortgage contract between Rice and E-Loan, Inc.

27.  The first assignment of mortgage from MERS as nominee for E-Loan, Inc., to Lake Icon Portfolio Management I, LLC was prepared on July 23, 2015 according to the ACRIS Records, and offered for recording with the Queens County Clerk on August 27, 2015.
**Exhibit J**. Assignment of mortgage from MERS as nominee for E- Loan Inc., to Lake Icon Portfolio Management I, LLC.

28. The second assignment of mortgage from Lake Icon Portfolio Management I, LLC to National Note Group DE LLC1 was prepared on July 23, 2015 and offered for recording with the Queens County Clerk on August 27, 2015.
**Exhibit K.** Assignment of mortgage from Lake Icon Portfolio Management I, LLC to National Note Group DE LLC1.

29. The third assignment of mortgage from National Note Group DE LLC1 to Crosby Capital USA was prepared on May 2, 2016 and offered for recording with the Queens County Clerk on May 6, 2016.
**Exhibit L**. Assignment of mortgage from National Note Group DE LLC1 to Crosby Capital USA.

30. The fourth assignment of mortgage prepared on May 2, 2016 and offered for recoding on May 6, 2016 is defective because it did not state that the security instrument was being assigned to Gustavia Home, LLC.

**Exhibit M**. Fourth assignment of mortgage offered for recording on May 6, 2016.

31. Gustavia filed a motion for summary judgment and attached an affidavit of Jared Dotoli in support of plaintiff's motion for summary judgment which states in paragraph No. 6, "On January 7, 2016, the note and mortgage were further assigned by proper allonge and by written assignment to Crosby Capital USA aka Crosby Capital LLC. This assignment was sent for recording in the office of the register of the City of New York for the County of Queens."

**Exhibit N**. Affidavit of Jared Dotoli in support of plaintiff's motion for summary judgment.

32. Paragraph No. 9 of the affidavit of Jared Dotoli in support of plaintiff's motion for summary judgment states, "Pursuant to paragraph 3 of the note, defendant was required to make monthly payments of principal and interest beginning January 1, 2008, each in the amount of $1, 968. 23 and containing the first day of each month thereafter until the maturity date."

33. Jared Dotoli executed an affidavit of damages, Doc No. 39-1 which states in paragraph No. 6, "The loan is due for the payment that became due on July 1, 2011."

**Exhibit O**. Affidavit of damages executed by Jared Dotoli on November 18, 2016.

34. The record has shown that paragraph No. 9 of the affidavit of Jared Dotoli in support of plaintiff's motion for summary judgment, Doc. No. 26-1, and paragraph No. 6 of the affidavit of damages executed by Jared Dotoli, Doc. No. 6, of statements regarding the due date of the loan fails to comport to each other.

35. Gustavia Home got a judgment against Rice after presenting Bogus Documents to the Court and a notice of sale was filed on April 20, 2017 with a current sale date of July 13, 2017 at 10.00 a.m. but Gustavia does not have the legal authority to sell the subject property at auction because it failed to provide evidence to the Court that it bought it the first mortgage and became the first mortgagee and the Statute of limitation to collect on the debt had already expired when Gustavia allegedly purchased the debt.
**Exhibit P**. Notice of sale with a sale date of July 13, 2017 at 10. 00 a.m.

36. Further, Gustavia's complaint failed to state the date that the loan is due for, in order to confuse the property owner to waive the statute of limitations argument and none of Gustavia's complaint states the date which the loan is due which is intentional.

37. Gustavia Home, LLC also failed to serve Rice with the mandatory notice of intent to foreclose required by the mortgage contract because the complaint was filed four days after the assignment of mortgage was offered for recording and Gustavia did not have the legal authority to serve the notice of intent to foreclose on a security instrument in which it had no interest in the chain of title.

38. Therefore, Gustavia Home, LLC could not have serve Rice with the notice of intent to foreclose required by the mortgage contract because there was less than thirty days between the time the assignment of mortgage was recorded and the complaint was filed.

39. Gustavia Home, LLC and Crosby Capital USA failed to notify Rice when they purchased the alleged debt, and within 30 days of purchase as required by the mortgage contract and there is no evidence in the file to provide evidence that such notice was served upon Rice.

40. The record shows that Gustavia Home, LLC, its agents and or attorneys, either knew who, or manufactured documents for the purposes of litigation, in order to get standing in the Courts, with intent to deceive the Court, in violation of 22 NYCRR, Part 130-1.1.

41. Defendants' tortious conduct, in manufacturing documents for the purposes of litigation to get standing in the Courts and improperly pursue foreclosure against Rice, with the intent to obtain a judgment of foreclosure and sale via fraudulent and false pretenses.

42. As a result of defending the frivolous foreclosure action, plaintiff has incurred expenses and the statute of limitation on the debt expired when the complaint was filed, but the complaint conveniently left vague the due date of the loan and all of Gustavia's complaints have omitted the date the loan is due for, in order to conceal the conspiracy to collect expired debt through fraudulent pretenses.

**IV.**        **FIRST COUNT- FDCPA  (15 U.S.C. § 1692 et Seq)**

(As to defendants Randy J. Schaefer, the Margolin & Weinreb Law Group, LLP, Gustavia Home, LLC, and Jared Dotoli).

43. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

44. Plaintiff took a second mortgage loan through E- Loan, Inc., a Delaware Corporation that failed to register with the New York State Department of State, Division of Corporations.

45. The note, payable to E-Loan, Inc., is a debt within the meaning of the FDCPA, 15 U.S.C. § 1692 a (5), as it was an allegedly obligation of plaintiff to pay money in return for the second mortgage loan used to purchase the subject property.

46. Defendants Randy J. Schaefer, the Margolin & Weinreb Law Group, LLP, Gustavia Home, LLC and Jared Dotoli's actions of filing and maintaining the frivolous foreclosure action and opposing Rice order to show cause, for making false statement to the Court and submitting bogus documents to the Court, constitute a false, deceptive, and/or misleading practice in an attempt to collect a debt in violation of the FDCPA, 15 U.S.C. § 1692e.

47. The affirmation of Randy J. Schaefer of the Margolin & Weinreb Law Group, LLP, is defective as Gustavia Home, LLC was a debt collector, and not the creditor as stated paragraph No. 3 of the affirmation executed by Randy J. Schaefer of the Margolin & Weinreb Law Group.

48. Under the FDCPA, a debt collector is defined as: Any person who uses any instrumentality of interstate Commerce or the mails in any business with the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph , the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. The term does not include…(F) any person collecting

or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a Bona fide Fiduciary obligation or a Bona fide escrow arrangement; .or (iii) concerns a debt which was not in default at the time it was obtained by such person ..15 U.S.C. § 1692a (6).

49. Gustavia Home, LLC violated the FDCPA which prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of any debt and further failed to indicate that Gusatavia Home, LLC was a debt collector, and not the creditor as stated in the affirmation executed by randy J. Schaefer and submitted to the Court. See McLaughlin v. Phelan, Hallinan & Schmieg, LLP, 756 F. 3d 240, 248 (3d Cir.) Cert. denied, 135 S. Ct. 487 (2014).

50. Defendant Randy J. Schaefer made false statements in paragraph No. 3 of his affirmation dated May 10, 2016 which states, "Based upon my communication with Jared Dotoli, as well as upon my own inspection, review and other reasonable inquiry under the circumstances, including, but not limited to the review of the facts of the case as well as of the underlying note, mortgage and assignments, if any modification (s), if any and extension and consolidations, if any, I affirm that, to the best of my knowledge, information, and belief, there is a reasonable basis for the commencement of the within foreclosure action and that plaintiff is currently the Creditor entitled to enforce the rights of said documents noted above. A copy of the note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, are annexed hereto"

51. Randy Schaefer and his employer, the Margolin & Weinreb Law Group LLP failed to conduct their due diligence before filing the frivolous foreclosure complaint against Rice

and got a judgment of foreclosure and sale after submitting bogus documents to the Court, in order to get standing in the Courts.

52. The distinction between a Creditor and a debt collector lies precisely in the language of § 1692 a (6) (F) (iii). For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired.

53. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred. Wadlington v. Credit Acceptance Corp., 76 F. 3d 103, 106-8 (6th Cir. 1996); See also Perry v. Stewart Title Co., 756 F. 2d 1197, 1208 (5th Cir. 1985).

54. Plaintiff has suffered tremendously and seeks punitive damages as a result of defendant's Randy J. Schaefer, the Margolin & Weinreb Law Group, LLP, Gustavia Home, LLC and Jared Dotoli, actions.

55. Defendants Randy J. Schaefer, the Margolin & Weinreb Law Group, LLC, Gustavia Home, LLC and Jared Dotoli, are liable to plaintiff under this count for their FDCPA violations in an amount equal to or greater than: actual damages in the amount of $3,000.00 for each of defendants violations of the FDCPA, 15 U.S.C. § 1692 k (a) (1); damages for emotional distress; statutory damages in the amount of $1,000.00 15 U.S.C. § 1692 k (a) (2) (A); and the costs of this action, 15 U.S.C. § 1692 k (a) (3).

**V.      SECOND COUNT- N.Y. GENERAL BUSINESS LAW § 349 (A)**

(As to defendants Randy J. Schafer, the Margolin & Weinreb Law Group, LLP, Gustavia Home, LLC and Jared Dotoli).

56. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

57. This coordinating claim for New York General Business Law only concerns defendants Randy J. Schaefer, the Margolin & Weinreb Law Group LLP, Gustavia Home, LLC, and Jared Dotoli.

58. At all times relevant to this incident, defendants Randy J. Schaefer, the Margolin & Weinreb Law Group, Gustavia Home, LLC and Jared Dotoli, were subject to New York General Business Law § 349 (a).

59. Violating the FDCPA has been determined by a Court of this State to violate New York General Business Law § 349 (a).

60. Defendants actions described in count one and the factual allegations of this complaint are each unfair or deceptive acts, or practices in violations of New York General Business Law § 349 (a).

61. Crosby Capital USA sold a second mortgage to Gustavia Home after the Statute of limitations to collect on the debt had expired and knew that it would be unlawful to collect on the debt.

62. Furthermore, the loan originator, E-Loan, Inc., was not registered with the New York State Department of State, Division of Corporations to conduct business in this State. Thus, the loan was void ab initio.

63. If the second mortgage was void ab initio, then all subsequent assignment of mortgages are null and void of all force and or effect.

64. Thus, the subsequent assignment of mortgage from Crosby Capital USA to Gustavia Home, LLC is null and void of all force and or effect.

65. Randy J. Schaefer, the Margolin & Weinreb Law Group LLP, Gustavia Home, LLC,  and Jared Dotoli's actions described in count one and the factual allegations of this complaint were committed with knowledge within the meaning of New York General Business Law § 349 (a).

66. Plaintiff's actual damages under the New York General Business Law are equal the total value of damages under the FDCPA.

67. Defendants Randy J. Schaefer, the Margolin & Weinreb Law Group LLP, Gustavia Home, LLC, and Jared Dotoli, are liable under FDCPA, pursuant to New York General Business Law § 349, fees and costs of this action.


VI.   **THIRD COUNT –VIOLATIONS OF NYC ADMINISTRATIVE CODE § 20-490**

(As to defendants Randy J. Schafer, the Margolin & Weinreb Law Group, LLP, and Gustavia Home, LLC).

68. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

69. Gustavia Home, LLC and its attorneys are required to be registered as debt collector to collect debts in the City of New York.

70. New York City Administrative Code Section 20-490 states, "License required. It shall be unlawful for any person to act as a Debt Collection agency without first having obtained

a License in accordance with the provisions of this Subchapter, and without first being in compliance with all other applicable Law, rules and regulations."

71. New York City local Law 65 regulates Debt Collection Agencies, and, inter alia, requires such agencies to obtain a license prior to engaging in Debt Collection activities.

72. As originally enacted, the law excluded from its definition of Debt Collection agencies "Any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client.

73. In 2009, New York City enacted Local Law 15, amending Local Law 65.

74. Local law 15 changed the definition of Debt Collection Agencies, "Stating that the term does not include: any attorney-at-law or law firm collecting a debt as an attorney in such capacity on behalf of and in the name of a client solely through activities that may only be performed by a licensed attorney, but not any attorney-at-law or law firm or part thereof who regularly engages in activities traditionally performed by Debt Collectors, including, but not limited to, contacting a debtor through the mail or via telephone with the purpose of collecting a debt or other activities as determined by rule of the Commissioner. N.Y.C. Administrative Code § 20-489 (a) (5).

75. Local Law 15 also re-defined Debt Collection Agency to include: a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt. N.Y.C. Administrative Code § 20-489 (a).

76. New York City Administrative Code Section 20-490 requires any person acting as a Debt
    Collection agency to obtain a license from the Department of Consumer affairs. Code
    Section 20-489 (a) (5) states that the term "Debt Collection agency" does not include an
    attorney or law firm "Collecting a debt in such capacity on behalf of and in the name of a
    client solely through activities that may only be performed by a licensed attorney but
    does include "an attorney-at-law or law firm or part thereof who regularly engages in
    activities traditionally performed by debt collectors, including, but not limited to,
    contacting a New York City debtor through the mail or via telephone with the purpose of
    collecting a Debt."

77. Under the Code Section 20-494 (a), a person who is found guilty of unlicensed debt
    collection agency activity is subject to a penalty of up to $1000 plus $100 per day for
    each day of operating without a license and an additional penalty of $100 for each contact
    with a consumer.

78. As a result of the resolution of the case of Eric M. Berman P.C. v. City of New York, 25
    N.Y. 3d 684, 692 (June 30, 2015) & the resolution of the case of Eric M. Berman P.C. v.
    City of New York, 09-cv-3017, Slip op. at 1 (E.D.N.Y. February 3, 2016 (order
    dismissing case), attorneys and law firms acting as Debt Collection Agencies in New
    York City must submit a Debt Collection License Application by November 30, 2016.

79. In our prior opinion, recognizing that plaintiffs challenge "raised unresolved and
    significant issues concerning the scope of New York State's regulatory authority over
    attorneys," We certified two questions underlying the District Court's preemption
    analysis to the New York Court of Appeals. Eric M. Berman, P.C. v. City of New York,
    770 F. 3d 1002, 1003 (2nd Cir. 2014).

17

80. The record has demonstrated that Gustavia Home, LLC has 49 debt collections cases filed in the Eastern District of New York all within the last 12 months which are all second mortgages, where the first mortgagee was dismissed by a New York State Supreme Court Justice and the Statute of limitation to sue expired pursuant to CPLR § 213 (4).

81. The Margolin & Weinreb Law Group, LLP which represented Gustavia Home filed an action on February 13, 2017 in the Queens County Supreme Court, in the matter of Blue Lagoon, LLC v. Jake Lewis, Case No. 702001/2017.

82. Both Blue Lagoon, LLC and Gustavia Home, LLC are sham Companies that rent a desk in a real estate office called BEX Realty located at 104 SE 8th Avenue, Fort Lauderdale, FL 33301 and BEX Realty telephone number in Fort Lauderdale is 954-522-3663.

83. BEX Realty office is a one story Building that consist of 2800 square feet and its parking lot is designed to park only (10) ten cars.

84. Jake Lewis lives in Westchester County, but the Margolin & Weinreb Law Group LLP decided to sue Lewis in Queens County, seeking to collect on a second mortgage that was expunged at auction in 2008 when the subject property located at 225-48 111th Avenue, Queens Village New York was auctioned.

85. Both Gustavia Home, LLC and its attorney, the Margolin & Weinreb Law Group LLP who foreclose on second mortgages, have failed to comply with New York City administrative Code Section 20-490.

86. As a result, Randy J. Schaefer, the Margolin & Weinreb Law Group, LLP and Gustavia Home, LLC are in violation of New York City Administrative Code § 20-490, for failing to register as debt collector with the New York City Department of Consumer affairs.

## VII.  FOURTH COUNT- CIVIL CONSPIRACY (N.Y. PENAL LAW § 105.25)

(As to defendant Jared Dotoli).

87. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

88. Defendant Jared Dotoli perjured himself in his false affidavits submitted to the Court.

89. Defendant Jared Dotoli perjured himself when he conspired with his attorney to make false affidavit in support of summary judgment, Doc. No. 26-1, in paragraph No. 9 of his affidavit which states, "Pursuant to paragraph 3 of the note, defendant was required to make monthly payments of principal and interest beginning January 1, 2008, each in the amount of $1, 968.23 and continuing the first of each month thereafter until the maturity date."

90. Jared Dotoli then states in his affidavit of damages, Doc. No. 39-1, paragraph No. 6, "The loan is due for the payment that became due on July 1, 2011."

91. Defendant Jared Dotoli presented Bogus documents and a note with a false allonge to the Court which was manufactured with intent to deceive the Court.

92. According to the Eastern District of New York, Gustavia Home, LLC initiated forty nine mortgage foreclosures against the homes of New Yorkers.

93. But Gustavia Home, LLC was not registered with the New York State Department of State, Division of Corporations records to conduct business in New York State until November 10, 2016.

94. Jared Dotoli also conspired to collect debt which had expired when he engaged in a conspiracy with his attorneys to omit the due date for the loan in the foreclosure complaint.

95. Defendant Jared Dotoli committed the tort of falsification which was an unlawful act and independent from the actual conspiracy.

96. As a result of the defendants conspiracy to make false statement to the Court with intent to deceive the Court, plaintiff suffered damages to defend the foreclosure action.

97. Accordingly, the defendants are jointly and severally liable to plaintiff for damages for emotional distress, the cost of defending the action, the cost to remove the cloud they created on title as required by CPLR § 3001 and any other expenses incurred.


## VIII.  FIFTH COUNT- CONSPIRACY TO JOIN AN EXISTING CONSPIRACY (TITLE 18 U.S.C. § 371)

(As to defendants Yonel Device and Crosby Capital USA)

98. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

99. Defendant Yonel Devico engaged in a conspiracy to join an existing conspiracy because Devico is a member and 100 % owner of Blue Lagoon, LLC located at 104 SE 8th Avenue, Fort Lauderdale, Florida and is also a member of Crosby Capital LLC located at 469 Seventh Avenue, 4th Floor, New York, New York 10018.

100.  Defendant Crosby Capital USA engaged in a conspiracy to join an existing conspiracy, because the entity is a Delaware based entity that purchase non- performing mortgages mortgage loans in the States of New York, New Jersey, Connecticut and

Florida, but is not registered to conduct business in any of the States where it claims it does business.

101.     Defendant Crosby Capital USA is located at 469 Seventh Avenue, 4th Floor, New York, New York 10018, has been in business since 2013 and only has two employees according to find the company and is not registered with the New York State Department of State, Division of Corporations to conduct business in the State of New York.

102.     Defendant Crosby Capital USA purchased a second mortgage loan after the Statute of limitation expired and then sold the second mortgage loan to Gustavia Mortgage after the statute of limitation had expired.

103.     Defendant Crosby Capital USA acted as a facilitator to facilitate the foreclosure of plaintiff's property through fraudulent endorsements and assignment of mortgage on expired debt with intent to get a judgment.

104.     Defendant Yonel Devico resides in Florida as a member of Blue Lagoon, LLC in Fort Lauderdale, Florida, but also acts as a member of Crosby Capital USA located in New York, New York.

105.     Defendant Yonel Devico conspired with Crosby Capital USA to commit the tort of falsification in the allonge attached to the note which was an unlawful act and independent from the actual conspiracy.

106.     As a result of the conspiracy by defendant Crosby Capital USA to make false statement to the Court and act as a facilitator, plaintiff suffered damages because Gustavia Home got a judgment of foreclosure and sale to auction plaintiff's property with bogus documents which were manufactured in order to get standing in the Courts.

107.     Accordingly, defendants Yonel Devico and Crosby Capital USA are jointly and severally liable to plaintiff for damages for engaging in a conspiracy to join an existing conspiracy in violation of title 18 U.S.C. § 371.

IX.                    **PRAYER FOR RELIEF**

Wherefore, plaintiff respectfully prays the Court;

A. Assume jurisdiction of this case;

B. Award plaintiff the maximum damages under each count.

C. Award plaintiff actual damages to defend the frivolous foreclosure action, plus an amount a jury determines adequate compensation for plaintiff's emotional damages, pursuant to 15 U.S.C. § 1692 k (a) 1 and New York General Business Law § 349 (a).

D. Award plaintiff damages in an amount to be determined pursuant to New York General Business Law § 349 (a).

E. Award plaintiff fees and the costs of this action pursuant to 15 U.S.C. § 1692 k (a) (3).

F. Award plaintiff punitive damages;

G. Declare that the four assignment of mortgages for the subject second mortgage are null and void;

H. Issue an order requiring defendants to remove all four defective assignment of mortgages from the title of the subject property.

I. Issue an order referring the matter to the New York City Department of Consumer affairs for the failure of Gustavia and its attorneys to comply with the Law and register with the New York City Department of Consumer affairs as debt collectors.

J.  Issue an order restraining Charles Emma, the referee appointed by the Court with offices located at 8410 Third Avenue, 2nd Floor, Brooklyn, New York 11209, to cancel the auction of the subject property currently scheduled for July 13, 2017 at 10.00 a.m.

K.  Issue an order to refer the matter to the United States attorney for the Eastern District of New York for a Criminal investigation as required by title 18 U.S.C. § 4, as the record demonstrates that documents were manufactured for the purposes of litigation.

L.  Award such other relief deems appropriate, including further declaratory relief.

## JURY TRIAL DEMANDED

Plaintiff hereby request a trial by Jury on all triable issues, pursuant to Fed. R. Civ. P. 38 (b).

Dated: May 8, 2017                                          Respectfully Submitted

                                                            Jamie Rice
                                                            Plaintiff
                                                            377 Nostrand Avenue, 2nd Floor
                                                            Brooklyn, NY 11216
                                                            917-374-6879

## STATEMENT OF VERIFICATION

I have read the above complaint and it is correct to the best of my knowledge.

Jamie Rice

# EXHIBIT A

Randy J. Schaefer, Esq. (RJS-3918)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
randy@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GUSTAVIA HOME, LLC,                                            Civil Action No.:

                              Plaintiff,

            -against-

JAMIE RICE a/k/a JAMIE D. RICE, CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD and JOHN DOE "1"
through "12", said persons or parties having
or claimed to have a right, title or interest in
the mortgaged premises herein, their respective
names are presently unknown to Plaintiff,

                              Defendants.
-------------------------------------------------------------X

## VERIFIED COMPLAINT

Gustavia Home, LLC ("Gustavia" or "Plaintiff") by and through its attorneys, The

Margolin & Weinreb Law Group, LLP, as and for its Verified Complaint to foreclose the premises

and mortgage against defendants Jamie Rice a/k/a Jamie D. Rice ("Rice"), City Of New York

Environmental Control Board, and John Doe "1" through "12" (together with the Rice the

"Defendants"), respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.      This is an action brought pursuant to New York Real Property Actions and

Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose a mortgage encumbering the property

commonly known as 111-15 34th Avenue, Corona, New York 11368 known on the Queens County

Tax Map as Block: 1726; Lot: 29 in Queens County, New York State (the "Property"). The legal description of the Property is attached as **Exhibit A**.

## PARTIES

2.       Gustavia is a Florida Limited Liability Company with its usual place of business at 104 SE 8th Ave, Fort Lauderdale, Florida, 33301. It is a citizen of the state of Florida.

3.       Upon information and belief, Rice is a citizen of New York State having an address at 111-15 34th Avenue, Corona, New York 11368.

4.       Upon information and belief, City of New York Environmental Control Board is incorporated in the State of New York and authorized to do business in New York at 1250 Broadway 7th Floor, New York, New York 10001.

5.       Rice is necessary party-defendant to this action because she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the record owners of the Property; (iii) is the borrowers of the loan; and (iv) is the mortgagors under the Mortgage.

6.       City of New York Environmental Control Board is a necessary party-defendant to this action because it is a lienor by virtue of Queens County Environmental Control Board Judgments.

7.       Upon information and belief, John Doe 1 through 12 are persons, parties, corporations or other entities, if any, who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including interests, in and to any subordinate judgment or liens upon the Property. Such defendants are joined as party-defendants herein for the purpose of foreclosing and terminating their respective interests, if any, in and to the Property.

8. Each of the above-named defendants has, or claimed to have or may claim to have, some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the mortgage lien.

## JURISDICTION AND VENUE

9. This action is between citizens of different states.

10. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

11. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

12. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

13. A substantial part of the events giving rise to this action took place within this Court's jurisdiction and the Property is located in this District.

## FACTUAL BACKGROUND

14. On November 20, 2007, Jamie D. Rice executed a Note to E-Loan Inc., whereby it loaned to Rice and Rice agreed to repay, the sum of $275,000.00 plus interest. Copies of the Note and Allonges are attached as **Exhibit B**.

15. To secure the repayment of the Note, Rice executed a Mortgage to E-Loan Inc. The applicable mortgage tax was paid.

16. Said Mortgage was recorded on January 31, 2008 in the Office of the City Register of the City of New York in the Queens County Clerk's Office in CRFN: 2008000042296. A copy of the recorded Mortgage is attached as **Exhibit C**.

17. On September 6, 2012, the mortgage was assigned by written Assignment to Lake Icon Portfolio Management I, LLC. This assignment was recorded on August 27, 2015 in the Office of the Register of the City of New York for the County of Queens as CRFN: 2015000299070. Simultaneously, the Note was transferred by the lender affixing a proper allonge.

3

18.    On June 3, 2015, the note and mortgage were further assigned by proper allonge and written Assignment to National Note Group, DE LLC1. This Assignment was recorded on August 27, 2015 in the Office of the Register of the City of New York for the County of Queens as CRFN: 2005000299071.

19.    On January 7, 2016, the note and mortgage were further assigned by proper allonge and by written Assignment to Crosby Capital USA a/k/a Crosby Capital LLC. This Assignment was sent for recording in the Office of the Register of the City of New York for the County of Queens.

20.    The Mortgage and Note were further assigned to Plaintiff by assignment of mortgage dated January 7, 2016 which assignment has been sent to the Queens County Clerk's office for recording. A copy of the assignments are attached as **Exhibit D**.

21.    Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

22.    Rice has failed to comply with the terms and provisions of the Mortgage and said instrument(s) secured by the Mortgage, by failing to pay the installment balance due on the first day of July, 2011 and the default continues to date.

23.    Plaintiff has complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was mailed on January 13, 2016 (the "Default Notice") advising Rice that Plaintiff has elected to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff declared that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. A copy of the Default Notice with proof of mailing is attached as **Exhibit E**.

24. The 90-day notices required under RPAPL §1304(1) were issued on January 13, 2016. Copies of the 90 day notices and proof that Plaintiff complied with the registration requirement under RPAPL §1306 is attached as **Exhibit F**.

25. Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-1 of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

26. As of the date herein, Rice has failed to respond to the Default Notice.

27. Due to the above-described default, Rice is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges totaling $374,002.62 as of April 12, 2016 (*See* Exhibit F.)

28. Due to the above-described default, Rice is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

29. Due to the above-described default, Rice is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

30. Plaintiff requests that if this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

     a. Any state of facts that an inspection of the Property would disclose.

     b. Any state of facts that an accurate survey of the Property would show.

    c.  Covenants, restrictions, easements and public utility agreements of record, if any.

    d.  Building and zoning ordinances of the municipality in which the property is located and possible violations of same.

    e.  Any right of tenants or person in possession of the Property.

    f.  Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

    g.  Prior lien(s) of record, if any.

31.    If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

32.    Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

33.    No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the said sum secured by the Note and Mortgage or any part thereof.

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right,

title, interest, claim, lien and equity of redemption of, in, and to the Property and each and every

part and parcel thereof; that the Property may be decreed to be sold in one parcel, according to

law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof

may be bought into Court; that Plaintiff may be paid the amount due on the Note and Mortgage as

set forth herein, with interest and late charges to the time of such payment and the expenses of

such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements

of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term

or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of the

Mortgage, together with interest upon said sums from the dates of the respective payments and

advances thereof, so far as the amount of such monies properly applicable thereto will pay the

same; that this Court forthwith appoint a receiver of the rents and profits of the Property during

the pendency of this action with the usual powers and duties; and that Jamie Rice a/k/a Jamie D.

Rice may be adjudged to pay the whole residue (unless discharged of this debt by the United States

Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the

debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant

to the directions contained in such judgment, and that if Plaintiff possesses any other lien(s) against

the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that

such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint

but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of

priority thereof in any independent action(s) or proceeding(s), including, without limitation, any

7

surplus money proceedings, that an order be entered compelling that the tenants deliver possession

of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and

equitable.

Dated: Syosset, New York
      May 10, 2016                 THE MARGOLIN & WEINREB LAW GROUP, LLP
                                        Attorneys for Plaintiff, Gustavia Home, LLC

                   By:     */s/ Randy J. Schaefer*
                         Randy J. Schaefer, Esq.
                         165 Eileen Way, Suite 101
                         Syosset, New York 11791
                         (516) 921-3838
                         Randy@nyfclaw.com

## VERIFICATION BY ATTORNEY

**Randy J. Schaefer, Esq.**, an attorney duly admitted to practice before the New York State courts and associated with Plaintiff's attorneys of record, affirms under the penalties of perjury that:

I have read the foregoing Verified Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds for my belief as to matters not based upon personal knowledge are communications with Plaintiff's representatives, officers, and agents and my review of copies of Plaintiff's records in my possession. This affirmation is made by me because Plaintiff is not in a county in which my firm has its office.

Dated: Syosset, New York
     May 10, 2016

*/s/ Randy J. Schaefer*
**RANDY J. SCHAEFER, ESQ.**

# EXHIBIT B

Randy J. Schaefer, Esq. (RJS3918)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
randy@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

GUSTAVIA HOME, LLC,                                  Civil Action No.: 16-2353

                         Plaintiff,

             -against-

JAMIE RICE a/k/a JAMIE D. RICE, CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD and JOHN DOE "1"
through "12", said persons or parties having
or claimed to have a right, title or interest in
the mortgaged premises herein, their respective
names are presently unknown to Plaintiff,

                         Defendants.
--------------------------------------------------------------X

## AFFIRMATION

Randy J. Schaefer, Esq. pursuant to CPLR §2106 and under the penalties of perjury, affirms as follows:

1. I am an attorney at law duly licensed to practice in the state of New York and I am affiliated with The Margolin & Weinreb Law Group, LLP, the attorneys of record for Plaintiff in the above-captioned mortgage foreclosure action. As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2. On April 18, 2016, I communicated with the following representative or representatives of Plaintiff, who informed me that he (a) personally reviewed Plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Verified Complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith.

   Name:    Jared Dotoli              Title: Manager

3. Based upon my communication with Jared Dotoli, as well as upon my own inspection, review and other reasonable inquiry under the circumstances, including, but not limited

to the review of the facts of the case as well as of the underlying note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, I affirm that, to the best of my knowledge, information, and belief, there is a reasonable basis for the commencement of the within foreclosure action and that Plaintiff is currently the creditor entitled to enforce the rights of said documents noted above. A copy of the note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, are annexed hereto.

4. I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: Syosset, New York
       May 10, 2016

                                   */s/ Randy J. Schaefer*
                                   Randy J. Schaefer, Esq.

# EXHIBIT C

Case 1:17-cv-02782-RRM-PK  Document 1  Filed 05/08/17  Page 38 of 123 PageID #: 38

*10:10:48 PM 5/*

# Licensee Details

## Licensee Information

Name:      **DOTOLI, JARED** (Primary Name)

Main Address:      **3300 NE 192ND STREET UNIT LP01**
**AVENTURA  Florida  33108**

County:      **BROWARD**

License Mailing:

LicenseLocation:

## License Information

License Type:      **Real Estate Broker or Sales**

Rank:      **Sales Associate**

License Number:      **SL3299990**

Status:      **Current,Active**

Licensure Date:      **06/27/2014**

Expires:      **03/31/2018**

## Special Qualifications      **Qualification Effective**

## Alternate Names

## View Related License Information

## View License Complaint

2601 Blair Stone Road, Tallahassee FL 32399 :: Email: **Customer Contact Center** :: Customer Contact Center: 850.487.1395

The State of Florida is an AA/EEO employer. Copyright 2007-2010 State of Florida. Privacy Statement

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395. *Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public. Please see our Chapter 455 page to determine if you are affected by this change.

Case 1:17-cv-02782-RRM-PK   Document 1   Filed 05/08/17   Page 39 of 123 PageID #: 39

## Licensee

| | | | |
|---|---|---|---|
| Name: | **DOTOLI, JARED** | License Number: | **3299990** |
| Rank: | **Real Estate Sales Associate** | License Expiration Date: | **03/31/2018** |
| Primary Status: | **Current** | Original License Date: | **06/27/2014** |
| Secondary Status: | **Active** | | |

## Related License Information

| License Number | Status | Related Party | Relationship Type | Relation Effective Date | Rank | Expiration Date |
|---|---|---|---|---|---|---|
| 1047052 | Current, Active | BEX REALTY LLC | Employed By | 05/06/2016 | Real Estate Corporation | 03/31/201 |

Page 1 o



**Return to License Details**

## Related License Search

| | |
|---|---|
| License Type | View all related licenses |
| First Name | Last Name |
| License Number | |
| Expiration Date | |
| From | To |

Search

**2601 Blair Stone Road, Tallahassee FL 32399** :: Email: **Customer Contact Center** :: Customer Contact Center: 850.487.1395

The State of Florida is an AA/EEO employer. **Copyright 2007-2010 State of Florida.** **Privacy Statement**

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395.-*Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public. Please see our **Chapter 455** page to determine if you are affected by this change.

# EXHIBIT D

Case 1:17-cv-02782-RRM-PK   Document 1   Filed 05/08/17   Page 41 of 123 PageID #: 41

## Florida Realtors



BEX Realty is a Florida based, full service residential Real Estate brokerage firm that specializes in luxury residential properties, country club communities, and waterfront condominiums throughout the state of Florida.

BEX Realty is not your typical real estate company. Our team of Realtors is made up of highly professional and knowledgeable individuals, each an expert in the areas they represent. Whether you are looking for your dream home, second home or investment property, the Realtors at BEX Realty have the knowledge and expertise to guide you through the process.

In Boca Raton, our corporate headquarters are located at 4800 N. Federal Hwy Suite A105, in the Sanctuary Centre located at the intersection of Yamato Road and Federal Hwy.

On the Treasure Coast, we have offices located in Port Saint Lucie at 1850 Fountainview Plaza, at the intersection of St Lucie West Blvd and Interstate I-95.

In Palm Beach Gardens, our office is located in the Fairway Plaza, at 7108 Fairway Dr, adjacent to the entrance of PGA National (https://www.bexrealty.com/real_estate/Palm_Beach_Gardens/PGA_National.php) and Mirasol Country Club (https://www.bexrealty.com/real_estate/Palm_Beach_Gardens /Mirasol_Country_Club.php).

In Broward County, our office is located at 104 SE 8th Avenue in Fort Lauderdale.

On the West Coast of Florida, our office is located at 1490 5th Ave, on the grounds of the Naples Bay Resort (https://www.bexrealty.com/real_estate/Naples/Naples_Bay_Resort.php) in Downtown Naples.

In addition, we have agents who live and service Sarasota, Manatee counties as well as the Space Coast, Orlando and Tampa Markets. As we continue to expand our service areas, we will add additional offices.

Our mission is to combine innovative technology with superior agents to provide an unparalleled real estate experience.

Our vision is to be Florida's most respected and trusted team of Real Estate professionals.

Realtor Search          Search by                Q Search

## Sales Team

# EXHIBIT E



**Florida Department of State
Division of Corporations
Electronic Filing Cover Sheet**

Note: Please print this page and use it as a cover sheet. Type the fax audit
number (shown below) on the top and bottom of all pages of the document.

(((H16000280306 3)))



H160002803063ABC-

Note: DO NOT hit the REFRESH/RELOAD button on your browser from this
page. Doing so will generate another cover sheet.

To:
    Division of Corporations
    Fax Number    : (850)617-6383

From:
    Account Name    : HARVARD BUSINESS SERVICES, INC.
    Account Number : I20080000043
    Phone    : (302)645-7400
    Fax Number    : (302)645-1280

**Enter the email address for this business entity to be used for future
annual report mailings. Enter only one email address please.**

**Email Address:** yoneldevico@gmail.com

## LLC REGISTERED AGENT CHANGE
### GUSTAVIA HOME, LLC

| | |
|---|---|
| Certificate of Status | 0 |
| Certified Copy | 0 |
| Page Count | 01 |
| Estimated Charge | $25.00 |

Electronic Filing Menu    Corporate Filing Menu    Help

NOV-14-2016 11:15 From:                                          To:18506176383          Page:2/2

(((H16000280306 3)))

# STATEMENT OF CHANGE OF REGISTERED OFFICE OR REGISTERED AGENT OR BOTH FOR LIMITED LIABILITY COMPANY

*Pursuant to the provisions of sections 605.0114 or 605.0116, Florida Statutes, the undersigned limited liability company submits the following statement in order to change its registered office or registered agent, or both, in the State of Florida.*

1. Name of the limited liability company: **Gustavia Home LLC**

2. (a) **104 SE 8th avenue**

   Principal office address of limited liability company:
   *(Note: MUST BE STREET ADDRESS)*

   **Fort Lauderdale, FL 33301**

   (b) **104 SE 8th avenue**

   Mailing address of limited liability company:
   *(Note: MAY BE POST OFFICE BOX)*

   **Fort Lauderdale, FL 33301**

3. **10/09/2015**

   Date of filing/registration in Florida

4. **L15000172522**

   Document number

5. (a) **Registered Agents Inc.**

   Registered Agent and Registered Office shown on the records of the Florida Dept. of State:

   **8550 United Plaza Blvd., STE 702-N**

   Registered Office Address   *(MUST BE FLORIDA STREET ADDRESS)*

   **Baton Rouge**                    FL **70809**

   (b)

   Enter name of *NEW Registered Agent* and/or *NEW Registered Office* address:

   **3030 N. Rocky Point Dr., STE 150A**

   *NEW* Registered Office Address:

   **Tampa**                          FL **33607**

FILED
2016 NOV 14 A 11: 17
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

If the limited liability company is not organized under the laws of the State of Florida, it is hereby confirmed that after the change or changes are made, the Florida street address of the registered office and the business office of the registered agent will be identical. Or, in the case of a Florida limited liability company, it is hereby confirmed that the change(s) was/were authorized by an affirmative vote of the members of the limited liability company or as otherwise provided in the articles of organization or the operating agreement of the limited liability company.

_____   **Jared Dotoli**

Signature of a member or authorized representative of a member          Printed or typed name of signee

*I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605, F.S. Or, if this document is being filed to merely reflect a change in the registered office address, I hereby confirm that the limited liability company has been notified in writing of this change.*

_____
Signature of Registered Agent

**Division of Corporations• P.O. Box 6327• Tallahassee, FL 32314**
**FILING FEE: $25.00**

INHS18 (2/14)

(((H16000280306 3)))

Case 1:17-cv-02782-RRM-PK   Document 1   Filed 05/08/17   Page 45 of 123 PageID #: 45

# Detail by Entity Name

Florida Limited Liability Company
GUSTAVIA HOME, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L15000172522 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 10/09/2015 |
| **Effective Date** | 10/09/2015 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | LC STMNT OF RA/RO CHG |
| **Event Date Filed** | 11/14/2016 |
| **Event Effective Date** | 11/10/2016 |

**Principal Address**

104 SE 8TH AVE
FORT LAUDERDALE, FL 33301

**Mailing Address**

104 SE 8TH AVE
FORT LAUDERDALE, FL 33301

**Registered Agent Name & Address**

Registered Agents Inc.
3030 N. ROCKY POINT DRIVE
TAMPA, FL 33607

Name Changed: 11/10/2016

Address Changed: 11/14/2016

**Authorized Person(s) Detail**

**Name & Address**

Title Authorized Member

Dotoli, Jared
104 SE 8TH AVE
FORT LAUDERDALE, FL 33301

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2016 | 11/10/2016 |

**Document Images**

| | |
|---|---|
| 11/14/2016 -- CORLCRACHG | View image in PDF format |
| 11/10/2016 -- REINSTATEMENT | View image in PDF format |
| 10/09/2015 -- Florida Limited Liability | View image in PDF format |

**2016  FLORIDA LIMITED LIABILITY COMPANY REINSTATEMENT**

DOCUMENT# L15000172522

**Entity Name:** GUSTAVIA HOME, LLC

**FILED**
**Nov 10, 2016**
**Secretary of State**
**CR6417358470**

**Current Principal  Place of Business:**

104 SE 8TH AVE
FORT LAUDERDALE, FL  33301

**Current Mailing Address:**

104 SE 8TH AVE
FORT LAUDERDALE,  FL  33301  US

**FEI Number: NOT APPLICABLE**                          **Certificate of Status Desired:** Yes

**Name and Address of Current Registered Agent:**

REGISTERED AGENTS INC.
8550 UNITED PLAZA BLVD., STE 702-N
BATON ROUGE, FL  70809  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

| SIGNATURE:  BILL HAVRE, ASSISTANT SECRETARY | 11/10/2016 |
|---|---|
| Electronic Signature of Registered Agent | Date |

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | AUTHORIZED MEMBER |
| Name | DOTOLI, JARED |
| Address | 104 SE 8TH AVE |
| City-State-Zip: | FORT LAUDERDALE  FL  33301 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

| SIGNATURE: JARED DOTOLI | MBR | 11/10/2016 |
|---|---|---|
| Electronic Signature of Signing Authorized Person(s) Detail | | Date |

# EXHIBIT F

# Electronic Articles of Organization
## For
## Florida Limited Liability Company

L15000172522
FILED 8:00 AM
October 09, 2015
Sec. Of State
vherring

## Article I

The name of the Limited Liability Company is:

GUSTAVIA HOME, LLC

## Article II

The street address of the principal office of the Limited Liability Company is:

104 SE 8TH AVE
FORT LAUDERDALE, FL. US  33301

The mailing address of the Limited Liability Company is:

104 SE 8TH AVE
FORT LAUDERDALE, FL. US  33301

## Article III

The name and Florida street address of the registered agent is:

KENNER & CUMMINGS PLLC
828 HIMMARSHEE STREET
FORT LAUDERDALE, FL.   33312

Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.

Registered Agent Signature:  CASEY CUMMINGS

## Article IV

The name and address of person(s) authorized to manage LLC:

Title:  MGR
SIMY  DEVICO
104 SE 8TH AVE
FORT LAUDERDALE, FL.  33301

L15000172522
FILED 8:00 AM
October 09, 2015
Sec. Of State
vherring

## Article V

The effective date for this Limited Liability Company shall be:

10/09/2015

Signature of member or an authorized representative

Electronic Signature: SIMY DEVICO

I am the member or authorized representative submitting these Articles of Organization and affirm that the facts stated herein are true.  I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S. I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of the LLC and every year thereafter to maintain "active" status.

# EXHIBIT  G

LOAN # ▓▓▓▓▓
MIN: ▓▓▓▓▓▓▓▓▓▓▓▓

## BALLOON NOTE

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

NOVEMBER 19, 2007     New City,     NEW YORK
[Date]     [City]     [State]

111-15 34th Avenue, Corona, NY 11368
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S.   $275,000.00   (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is   E-LOAN, INC., A DELAWARE CORPORATION.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**
I will pay interest at a yearly rate of   7.740%.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS**
I will pay principal and interest by making payments each month of U.S.   $1,968.23.
I will make my payments on the   1ST   day of each month beginning on   JANUARY, 2008.
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on   DECEMBER 1, 2022,   I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at
6230 STONERIDGE MALL ROAD
PLEASANTON, CA 94588

or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**
(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   2.000%   of my overdue payment, but not less than U.S.   N/A   and not more than U.S.   $39.36   I will pay this late charge only once on any late payment.

(B) Notice from Note Holder
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE**
In addition to the protections given to the Note Holder under this Note, a Mortgage, dated   NOVEMBER 19, 2007, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE**
I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

NEW YORK - BALLOON SECOND MORTGAGE
Online Documents, Inc.

Page 1 of 2

Initials: JR

NY3552NT 0012
11-19-2007 14:01

LOAN #: ~~~~~~~~~~

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

Default in the payment of this loan agreement may result in the loss of the property securing the loan. Under federal law, you may have the right to cancel this agreement. If you have this right, the creditor is required to provide you with a separate written notice specifying the circumstances and times under which you can exercise this right.

_____ (Seal)
Jamie D. Rice

National Note Group DE LLC 1

PAY TO THE ORDER OF
Lake Icon Portfolio Management, LLC
WITHOUT RECOURSE

Pay to the order of
Crosby Capital LLC
Without Recourse
National Note Equities, LLC

By:Fuquan Bilal-Managing Partner

ALLONGE TO PROMISSORY NOTE

This Allonge is to be attached and made a part of that certain Promissory Note dated November 20, 2007 in the original principal amount of Two Hundred Seventy Five Thousand and 00/100 Dollars ($275,000.00) executed by Jamie D. Rice to the order of E-Loan, Inc.

Pay to the order of Gustavia Home, LLC

WITHOUT RECOURSE, on _4/17/2016_____ (date)

By: Crosby Capital USA a/k/a Crosby Capital LLC

BY: _____

Print Name: _Yonel DE VICo_

TITLE: _Member_____

# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X    INDEX NO.:
BLUE LAGOON LLC,


                                    Plaintiff,              **SUMMONS**

          -against-

JAKE K. LEWIS,

                                    Defendants.
-----------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to appear in this action and to submit

answering papers to plaintiff BLUE LAGOON LLC ("Plaintiff")'s attorney and the Court

on the attached motion, pursuant to N.Y. CPLR § 3213 made herein within the time periods

provided in the annexed Notice of Motion. In case of your failure to submit answering papers

on the motion, summary judgment will be taken against you by default for the relief demanded

in the annexed notice of motion.

    **QUEENS** County is designated as the place in which the motion is returnable on

the basis that Defendant resides in **QUEENS** County.

Dated: Syosset, New York
      February 13, 2017


                              THE MARGOLIN & WEINREB LAW GROUP LLP
                              *Attorneys for Plaintiff*

                              By:
                                   Thomas Zegarelli Esq.
                                   165 Eileen Way Suite 101
                                   Syosset, New York 11791
                                   516-921-3838

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X     INDEX NO.:

BLUE LAGOON LLC
                                    Plaintiff,

            -against-                                                          **JUDGMENT**

JAKE K. LEWIS,
                                    Defendant.
-------------------------------------------------------------------X

     UPON the Plaintiff's Motion for a Summary Judgment in Lieu of Complaint, and

the  motion  having  come  before  the  Honorable  _____  on

_____ and after due deliberation thereon it is

     **ORDERED**, that the motion is granted without opposition; and it is further

     **ORDERED AND ADJUDGED,** that the plaintiff, BLUE LAGOON LLC, recover of

defendants, JAKE K. LEWIS, last known to be residing at 225-48 111th AVENUE, QUEENS

VILLAGE, NY 11429 the sum of $_____, with statutory interest thereon

from _____ together with costs and disbursements, and that the Plaintiff

have execution therefor as against the said Defendant; and it is further

     **ORDERED AND ADJUDGED,** that the Clerk of the Court enter and docket this

judgment, in favor of plaintiff, **BLUE LAGOON LLC** and against the defendant, JAKE K.

LEWIS, as hereinbefore stated pursuant to this Judgment.

Judgment signed this \_\_\_\_\_day of _____, 20\_\_\_\_.

                      _____
                                     J.S.C.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
BLUE LAGOON LLC,

                                    Plaintiff,

         -against-

JAKE K. LEWIS,

                                    Defendants.
-------------------------------------------------------------------X

INDEX NO.

70 2001/2017

NOTICE OF MOTION FOR
SUMMARY JUDGMENT IN
LIEU OF COMPLAINT

**PLEASE TAKE NOTICE** that upon the attached affidavit of YONEL DEVICO,

of plaintiff, BLUE LAGOON LLC ("Plaintiff"), together with exhibits attached thereto,

and upon the affirmation of Thomas Zegarelli, Esq., of The Margolin and Weinreb Law

Group LLP, attorneys for Plaintiff, will move the Court at the **CENTRALIZED**

**MOTION PART, COURTROOM 25, QUEENS COUNTY SUPREME COURT**

located at **88-11 SUTPHIN BLVD, JAMAICA, NY 11435** on the 16th day of June, 2017

at 11:00 a.m. or as soon thereafter as counsel can be heard, for an order granting Plaintiff

summary judgment against the Defendant pursuant to Rule 3213 of the Civil Practice Law

and Rules for the sum of $129,500.00 plus interest subsequent to December 1, 2010, upon

the ground that this action is based upon an instrument for the payment of money only,

which is now due and payable and there are no defenses thereto, together with costs and

disbursements and such other and further relief as may be just and proper.

The above-entitled action is to recover on a certain promissory note.

3

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 3213 of the CPLR

answering affidavits and any other papers in opposition to the motion, if any, are required

to be served upon the undersigned at least seven (7) days before the return date of this

motion.

Dated: Syosset, New York
February 13, 2017

THE MARGOLIN & WEINREB LAW GROUP LLP
*Attorneys for Plaintiff*

By:

Thomas Zegarelli, Esq.
165 Eileen Way Suite 101
Syosset, New York 11791
516-921-3838

To:

JAKE K. LEWIS
225-48 111th Avenue
Queens Village, NY 11429

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------x
                                                                        Index No.:
BLUE LAGOON LLC
                                                    Plaintiff,           702001/2017

        -against-                                                    AFFIRMATION
                                                                     IN SUPPORT


JAKE K. LEWIS,
                                    Defendant.
--------------------------------------------------------------------x


        Thomas Zegarelli, Esq., an attorney duly admitted to practice in the Courts of the

State of New York affirms as follows under penalty of perjury:


        1.  I am an attorney with The Margolin & Weinreb Law Group, LLP, attorneys of

            record for the plaintiff, BLUE LAGOON LLC, (the "Plaintiff") in the above

            entitled action which was commenced to recover on a certain promissory note

            (the "Note"), pursuant to CPLR 3213.  (See Exhibit "A")


        2.  This affirmation is submitted in support of the instant motion for summary

            judgment (the "Motion").


        3.  This action is based solely on the Note, executed and delivered by defendant,

            JAKE K. LEWIS ("Defendant") which is an instrument for the payment of

            money only.


5

4.  The facts of the case are fully stated in the original sworn affidavit of Yonel
    Devico (the "(Devico Affidavit") submitted herewith.

5.  It is well settled law that Plaintiff is entitled to summary judgment. As discussed
    in the dicta of *Nunez v. Channel Grocery & Deli Corp.*, et al., the recent Second
    Department case decided on January 21, 2015, "To establish prima facie
    entitlement to judgment as a matter of law on the issue of liability with respect
    to a promissory note, a plaintiff must show the existence of a promissory note
    executed by the defendant and the failure of the defendant to pay in accordance
    with the note's terms" *Griffon V LC v. 11 E. 36th LLC*, 90 AD3d 705, 706; *Jin
    Sheng He v. Sing Huei Chang*, 83 Ad3d 788, 789; *Gullery v. Imbugio*, 74 AD3d
    1022.

6.  In the case at bar, Plaintiff has submitted the subject promissory Note (**Exhibit
    A**) and the Devico Affidavit as testimonial proof of the Defendant's failure to
    make payments pursuant to the terms of Note. *See also, Weissman v Sinorm
    Deli*, 88 NY2d 437, 444 (1996); *Von Fricken v Schaefer*, 118 AD3d 869, 870
    (2014); *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 (2011); *Lugli v
    Johnston*, 78 AD3d 1133, 1134 (2010).

6

7. Accordingly, per *Nunez*, Plaintiff has established its prima facie entitlement to summary judgment as a matter of law in its favor against the Defendant, and respectfully requests that the instant Motion be granted.

Dated: Syosset, New York
February 13, 2017

THE MARGOLIN & WEINREB LAW GROUP LLP
*Attorneys for Plaintiff*

By: _____
Thomas Zegarelli, Esq.
165 Eileen Way Suite 101
Syosset, New York 11791
516-921-3838

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
BLUE LAGOON LLC ,

INDEX NO.:

7020601/2017

                                        Plaintiff,

**NON MLITARY**
**AFFIRMATION**

        -against-

JAKE K. LEWIS,

                                        Defendants.
------------------------------------------------------------X

I, Thomas Zegarelli, Esq. Pursuant to CPLR § 2106 [NYCLS] and under the

penalties of perjury, affirms as follows:

1. I am an associate of the firm **THE MARGOLIN AND WEINREB LAW**

**GROUP, LLP,** the attorneys for the Plaintiff, in the above-entitled action and am familiar

with all facts and circumstances therein.

2. I submit this affirmation in support of the Plaintiff's application for entry of

judgment against JAKE K. LEWIS. Pursuant to 50 U.S.C. § 521, our firm made an

investigation to ascertain if JAKE K. LEWIS ("Defendant") is in the military service of

the United States

3. Our office verified the military status of Defendant through the Defense

Manpower Data Center Military Verification Service. The results of our investigation

indicate that the Defendant is not active in the military. A copy of the search results is

annexed hereto.

8

FILED: QUEENS COUNTY CLERK 02/13/2017 09:54 AM    INDEX NO. 702001/2017

NYSCEF DOC. NO. 11    Case 1:17-cv-02782-RRM-PK    Document 1    Filed 05/08/17    Page 63 of 123 PageID #: 66    RECEIVED NYSCEF: 02/13/2017

4.  Based upon the foregoing, Plaintiff respectfully requests that the application

before this court be granted and entered.

Dated: February 13, 2017
            Syosset, NY

THE MARGOLIN & WEINREB LAW GROUP, LLP

By: Thomas Zegarelli, Esq.
*Attorneys for Plaintiff*
165 Eileen Way, Suite 101
Syosset, NY 11791

*9*

FILED: QUEENS COUNTY CLERK 02/13/2017 09:54 AM    INDEX NO. 702001/2017

NYSCEF DOC. NO. 1    Case 1:17-cv-02782-RRM-PK    Document 1    Filed 05/08/17    Page 64 of 123 PageID #: 64    RECEIVED NYSCEF: 02/13/2017

2/13/2017                              PACER Case Locator - View



Browse Aloud

Bankruptcy Party Search
Mon Feb 13 08:45:39 2017
No Records Found

User: pm0284
Client:
Search: Bankruptcy Party Search Name lewis, jake          All Courts Page: 1

No records found

Receipt 02/13/2017 08:45:39 263727501

User  pm0284
Client
Description Bankruptcy Party Search
            Name lewis, jake          Courts Page: 1
Pages 1 ($0.10)

https://pcl.uscourts.gov/view?rid=hUJWljbX0ksRx84oLsRUll6dbrlLEibLRTSvNMw6&page=1

FILED: QUEENS COUNTY CLERK 02/13/2017 09:54 AM   INDEX NO. 702001/2017

NYSCEF DOC. NO. 1   Case 1:17-cv-02782-RRM-PK   Document 1   Filed 05/08/17   Page 65 of 123 PageID #: 65   RECEIVED NYSCEF: 02/22/2017

Department of Defense Manpower Data Center

Results as of : Feb-13-2017 06:45:22 AM

SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

SSN:
Birth Date:
Last Name: LEWIS
First Name: JAKE
Middle Name:
Active Duty Status As Of: Feb-13-2017

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: JBMCA10E74A4960

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------X       INDEX NO.:

BLUE LAGOON LLC

                              Plaintiff,                        **AFFIDAVIT IN**
                                                               **SUPPORT OF MOTION**
                                                               **FOR SUMMARY**
           -against-                                           **JUDGMENT IN LIEU**
                                                               **OF COMPLAINT**

JAKE K. LEWIS
                              Defendant.
-------------------------------------------------------X

STATE OF              )
                      ) ss.:
COUNTY OF             )

**YONEL DEVICO** being duly sworn deposes and says:

1.    I am the _____member_____ of Plaintiff, BLUE LAGOON LLC, (the "Plaintiff") and am personally familiar with the facts and circumstances of this action. I submit this affidavit in support of my motion for summary judgment in lieu of complaint against the defendants JAKE K. LEWIS, the ("Defendant").

2.    This action is brought to recover upon a certain EquityLine Agreement (hereinafter "Note") executed, acknowledged and delivered by the Defendant to WELLS FARGO BANK, N.A. (the "Lender"), in the original principal amount of $129,500.00 (the "Note"). This action is based solely upon the Note, i.e. an instrument for the payment of money only.

3.    Plaintiff is a Limited Liability Company formed under the laws of the State of Delaware with its principal place of business located at 104 SE 8th Avenue, Suite 2, Fort Lauderdale, Florida 33301.

4.    Upon information and belief, Defendant is a natural person who resides at 225-48 111th Avenue, Queens Village, NEW YORK.

5. Pursuant to the Note, Defendant was loaned by the Lender the principal sum of $129,500.00. A copy of the duly endorsed Note into Plaintiff is attached hereto as **Exhibit A.**

6. Pursuant to the terms of the Note, the principal and interest thereon was payable at the per annum rate as set forth therein. The Note further provides that in the event of any default in payment, the Note shall become immediately due and payable, without demand, notice or other act, pursuant to the terms of the Note.

### THE LOAN DEFAULT

7. On or about December 1, 2010, the Defendant failed to make the monthly payment required by the Note and such default continued for in excess of 15 days.

8. More than 30 days prior to commencement of the within action, Plaintiff sent formal demand for payment to the Defendant by regular mail and certified mail. A copy of the demand letter is attached hereto as **Exhibit B.**

9. To date, the subject loan has not been cured. As of today, the Defendant has failed to pay the outstanding amounts due and owing to Plaintiff and remains in default of his/her obligations under the Note.

10. As of December 7, 2016, Defendant owes the principal sum of $129,500.00 plus accrued and unpaid interest of not less than $62,025.08, and interest continues to accrue.

11. In addition, pursuant to the Note, the Defendant is obligated to pay attorney fees herein.

12. Defendant has no defense to this motion and no genuine material issue of fact exists.

2

13. No prior application has been made for this or any similar relief to this or any other Court.

**WHEREFORE**, it is respectfully requested that this Court grant Plaintiff's motion for summary judgment against the Defendant in the principal sum of $129,500.00, with interest thereon as detailed above to the date of judgment, together with the costs and disbursements of this action; an inquest be set for determination of attorney fees hereunder, and for such other and further relief as this Court deems just and proper.

BLUE LAGOON LLC

By:
Title:

ACKNOWLEDGMENT

State of New York )
County of New York )ss.

On the 9 day of February in the year 207 before me, the undersigned, personally appeared Yonel Devico personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Signature

BRIAN A VAZQUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6331691
Qualified in New York County
My Commission Expires October 13, 2019

3

### Plaintiff's Certification of Original Note

**Loan Number:**
**Borrower Name:** Jake K. Lewis
**Property Address:** 225-48 111TH Ave., Queens Village, New York 11429
**Date of Note:** A, 2006
**Loan Amount:** $129,500.00
Under penalty of perjury, Plaintiff certifies the following:

1. I _a member_ _____ of BLUE LAGOON LLC am authorized to complete this certification on behalf of the Plaintiff.
2. I am a Member of BLUE LAGOON LLC.
3. Plaintiff is in possession of the Original Note with corresponding allonges, as affixed thereto.
4. A true and correct copy of the full promissory note is attached hereto.
5. The Original Note is located at
   _60 Madison Avenue, 11th F., NYC, NY, 10010_
6. I have personally verified the location of the original note with corresponding allonges as affixed to the Note on _2/9/2017_ at _3_ A.M/P.M.

The information contained in this certification is based upon my personal knowledge; review of Plaintiff's business records and the original promissory note.

BLUE LAGOON LLC

Name: _Yoel DE/1 a_

Title: _Member_

Date: _2/9/2017_

(General Acknowledgment for documents executed and notarized in <u>New York State Only</u>)

ACKNOWLEDGMENT

State of New York          )
County of _New York_ )ss.

On the _9_ day of _February_ in the year _2017_ before me, the undersigned, personally appeared _Yoel Devico_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies),

4

that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

BRIAN A VAZQUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6331691
Qualified In New York County
My Commission Expires October 13, 2019

_____
Notary Signature

**(General Acknowledgment for documents executed and notarized <u>outside of</u> <u>New York State, except California</u>)**
ACKNOWLEDGMENT

State of _____)
County of _____)ss.
    On the _____ day of _____ in the year _____ before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of _____, State of _____.

_____
Notary Signature

# EXHIBIT I

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2007112700118003001E34D8

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 12 |
|---|---|

| Document ID: 2007112700118003 | Document Date: 11-20-2007 | Preparation Date: 11-27-2007 |
|---|---|---|

Document Type: MORTGAGE
Document Page Count: 11

| PRESENTER: | RETURN TO: |
|---|---|
| HARMONY ABSTRACT | HARMONY ABSTRACT |
| 444 MERRICK ROAD | 444 MERRICK ROAD |
| 410015-JAPQ/ RICE - QUEENS | 410015-JAPQ/ RICE - QUEENS |
| LYNBROOK, NY 11563 | LYNBROOK, NY 11563 |
| 516-256-1010 | 516-256-1010 |
| pia@unlimitedabstract.com | pia@unlimitedabstract.com |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1726 | 29 | Entire Lot | 111-15 34TH AVENUE |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN _____ *or* Document ID _____ *or* _____ Year ____ Reel ____ Page ____ *or* File Number _____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| JAMIE D. RICE | E-LOAN, INC. |
| 112-50 NORTHERN BLVD. | 6230 STONERIDGE MALL ROAD |
| CORONA, NY 11368 | PLEASANTON, CA 94588 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 275,000.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 275,000.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 1,375.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 3,093.75 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 687.50 | | |
| MTA: | $ | 795.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 5,951.25 | | |
| Recording Fee: | $ | 92.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        01-31-2008 09:43
City Register File No.(CRFN):
**2008000042296**

*Annette M Hill*

*City Register Official Signature*

After Recording Return To:
SMI - ELOAN
9700 BISSONNET SUITE 1500
MAILSTOP - TD 127
HOUSTON, TX 77036
800-795-5283

B - 1726
L - 29

Escrow No.: 410015JAPQ
LOAN #: E0646812

# MORTGAGE

| MIN 100039650006468123 |
| --- |

**WORDS USED OFTEN IN THIS DOCUMENT**

(A) "Mortgage." This document, which is dated NOVEMBER 19, 2007, 20th JR will be called the "Mortgage."

(B) "Borrower." Jamie D. Rice, a single woman,

whose address is   112-50 Northern Blvd  1E
                    Corona, NY 11368

will sometimes be called the "Borrower" and sometimes simply "I."

(C) "Lender." E-LOAN, INC., A DELAWARE CORPORATION

will be called the "Lender." Lender is a corporation or association which was formed and which exists under the laws of THE STATE OF.                                                    Lender's address is
6230 STONERIDGE MALL ROAD, PLEASANTON, CA 94588.
                                        20th JR

(D) "Note." The junior lien note signed by Borrower and dated   NOVEMBER 19, 2007,           and extensions
and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S.     $275,000.00,
plus interest, which I have promised to pay in full by   DECEMBER 1, 2022.

(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the "Property."

(F) "MERS." Mortgage Electronic Registration Systems, Inc. will be called "MERS." MERS is a separate corporation that is acting solely as a nominee for Lender [as defined in (C) above] and Lender's successors and assigns, as the mortgagee of this Security Instrument. MERS is a corporation which exists under the laws of Delaware. The address and telephone number of MERS are PO Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.

**BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY**

I mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors and assigns), subject to the terms of this Mortgage. I understand and agree that MERS holds only legal title to the interests granted by me in this Mortgage; but, if necessary to comply with law or custom MERS (as nominee for Lender and Lender's successors and assigns), as the mortgagee of this Security Instrument, has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, discharging this Mortgage. This means that, by *signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that* the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I do not:

    (A) Pay all the amounts that I owe Lender as stated in the Note;

    (B) Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and Lender's rights in the Property; and

    (C) Keep all of my promises and agreements under this Mortgage.

With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means

LOAN #: E0646812

that the Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a homestead exemption.

**DESCRIPTION OF THE PROPERTY**
I give MERS (solely as nominee for Lender and Lender's successors in interest) rights in the Property described in (A) through (E) below:
(A) The property which is located at   **111-15 34th Avenue**

|  |  |  | [Street] |
| --- | --- | --- | --- |
| **Corona** | | **New York** | **11368** |
| | [City, Town or Village] | | [Zip Code] |

This Property is in **COUNTY**                [Type of Recording Jurisdiction] of   **Queens**
[Name of Recording Jurisdiction]. It has the following legal description:
**See Exhibit "A"/legal description attached hereto and made a part hereof.**
**APN #: Blk 1726 Lot28&29**

**THESE PREMISES ARE OR WILL BE IMPROVED BY A ONE OR TWO FAMILY DWELLING ONLY**

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;
(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property";
(D) All rents or royalties from the property described in paragraph (A) of this section; and
(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

**BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**
I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

**UNIFORM PROMISES**

I promise and I agree with Lender as follows:

1. **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**
I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2. **AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**
**(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance**
I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

The amount of each of my payments under this Paragraph 2 will be the sum of the following:
(i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus
(ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus
(iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

Initials: _JG_
NYCSECDE 0208
11-19-2007 14:01

LOAN #: E0646812

Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

**(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance**
Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

3. **APPLICATION OF BORROWER'S PAYMENTS**
   Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:
   (A) First, to pay the amounts then due to Lender under Paragraph 2 above;
   (B) Next, to pay interest then due under the Note; and
   (C) Next, to pay principal then due under the Note.

4. **BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY**
   I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

5. **BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY**
   I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

   I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

   If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

Initials: JK
NYCSECDE 0206
11-19-2007 14:01

**Schedule A Description**

Title Number 410015-JAPQ                                                        Page    1

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, known and designated as tax Lot 29 Block 1726, which said part of lots when taken together are more particularly bounded and described according to said map as follows:

BEGINNING at the corner formed by the intersection of the westerly side of Roosevelt Street, now known as 112th Street with the northerly side of Park Avenue now known as 34th Avenue distant 52.13 feet westerly;

RUNNING THENCE northerly on the easterly line parallel with 112th Street, 84.58 feet;

THENCE westerly on the northerly line with right angles parallel to 34th Avenue, 28.19 feet;

THENCE southerly on the westerly line parallel with 112th Street, 81.55 feet;

THENCE easterly on the southerly line of 34th Avenue, 28.35 feet to the point or place of BEGINNING.

LOAN #: E0646812

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

6. **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS**

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. I promise that I will not surrender the leasehold estate and interests conveyed by this Mortgage or terminate or cancel the lease. I promise that I will not, without Lender's written consent, alter or amend the lease. If I acquire fee title to the Property, I agree that the leasehold and the fee title will not merge unless Lender agrees to the merger in writing. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

7. **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY**

If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

8. **LENDER'S RIGHT TO INSPECT THE PROPERTY**

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

9. **AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

10. **BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS**

If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

11. **CONTINUATION OF BORROWER'S OBLIGATIONS**

Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

12. **CONTINUATION OF LENDER'S RIGHTS**

Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment in Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

13. **LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS**

Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

NEW YORK - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3833
Modified by Online Documents, Inc.                                        Initials: _____
© 2001-2002 Online Documents, Inc.              Page 4 of 7                  NYCSECDE  0208
                                                                        11-19-2007 14:01

LOAN #: E0646812

**14. OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person not signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

**15. AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE**

Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

**16. LAW THAT GOVERNS THIS MORTGAGE**

The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs," "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

**17. BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE**

I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

**18. REHABILITATION LOAN AGREEMENT**

I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

**19. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

### NON-UNIFORM PROMISES

I also promise and agree with Lender as follows:

**20. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**

If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."

Initials: _____

NYCSECDE  0208
11-19-2007  14:01

LOAN #: E0646812

If Lender requires immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Lender may require immediate Payment in Full under this Paragraph 20 only if all of the following conditions are satisfied:

(A) I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B) Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:
   (i) The promise or agreement that I failed to keep;
   (ii) The action that I must take to correct that failure;
   (iii) A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;
   (iv) That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment in Full, and Lender or another person may acquire the Property by means of foreclosure and sale;
   (v) That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment in Full had never been required; and
   (vi) That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C) I do not correct the failure stated in the notice from Lender by the date stated in that notice.

**21. BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED**
Even if Lender has required Immediate Payment in Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A) I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment in Full; and

(B) I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C) I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment in Full had never been required.

**22. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY**
As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment in Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment in Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property. All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

**23. LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL**
When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

NEW YORK - SECOND MORTGAGE - 1/80 - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3533
Modified by Online Documents, Inc.
© 2001-2002 Online Documents, Inc.          Page 6 of 7
Initials: ____
NYCSECDE  0208
11-19-2007 14:01

LOAN #: E0646812

**24. AGREEMENTS ABOUT NEW YORK LIEN LAW**

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

**25. RIDERS**

All Riders to this document are executed by Borrower. The following Riders are to be executed by the Borrower (check box as applicable):

☐ Adjustable Rate Rider      ☐ Condominium Rider              ☐ Second Home Rider
☒ Balloon Rider              ☐ Planned Unit Development Rider  ☐ Other(s) [specify]
☒ 1-4 Family Rider           ☐ Biweekly Payment Rider

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

By signing this Mortgage I agree to all of the above.

_____ (Seal)
Jamie D. Rice

State of NEW YORK            )
                            ) ss:
County of QUEENS            )

On the 20 day of NOV in the year 07 before me, the undersigned, a Notary Public in and for said State, personally appeared Jamie D. Rice, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

My commission expires:_____

STACEY ROVNER
Notary Public, State Of New York
No. 01RO6084212
Qualified In Nassau County
Commission Expires Dec. 2, 20 10

LOAN #: E0646812

## BALLOON RIDER TO SECURITY INSTRUMENT

For valuable consideration, receipt of which is hereby acknowledged, the undersigned agree that the certain Security Instrument (Deed of Trust/Mortgage/Security Deed) of even date to which this Rider is attached shall be subject to the following provisions, notwithstanding any provisions to the contrary contained in said Security Instrument securing same:

**BALLOON PAYMENT**
This loan is payable at the end of                **FIFTEEN**          (    15    ) year(s). You must repay the entire principal balance of the loan and the unpaid interest then due. The lender is under no obligation to refinance the loan at that time. You will, therefore, be required to make payment out of other assets you may own, or you will have to find a lender which may be the lender you have this loan with, willing to lend you the money. If you refinance this loan at maturity, you may have to pay some or all closing costs normally associated with a new loan, even if you obtain refinancing from the same lender.

At least ninety (90) but no more than one hundred twenty (120) days prior to the Maturity Date, Lender must send Borrower a notice prior to the Maturity Date, and the amount of the "Balloon Payment" which will be due on the Maturity Date (assuming all scheduled payments due between the date of the notice and the Maturity Date are made on time).

_____          _____
Jamie D. Rice                                      Date

(12/01)
Online Documents, Inc.

P3518BLR  0701
11-19-2007 14:01

LOAN #: E0646812
MIN #: 100039650006468123

# 1-4 FAMILY RIDER
### Assignment of Rents

THIS 1-4 FAMILY RIDER is made this **20th** ~~19th~~ day of **NOVEMBER, 2007** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to **E-LOAN, INC., A DELAWARE CORPORATION**

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
**111-15 34th Avenue, Corona, NY 11368**
**[Property Address]**

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Uniform Covenant **21** is deleted.

**F. INTENTIONALLY OMITTED.**

**G. ASSIGNMENT OF LEASES.** Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph **20** of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

MAINE/NEW YORK 1 - 4 FAMILY RIDER - Fannie Mae/Freddie Mac Uniform Instrument
Form 3170 3/93 Amended 8/93
© 2002, 2007 Online Documents, Inc.

G14-MENY  0710
11-19-2007  14:01

LOAN #: E0646812

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I.   CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____(Seal)
Jamie D. Rice

# EXHIBIT J

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2015072200685001002E1C00

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 3 |
|---|---|---|
| Document ID: 2015072200685001 | Document Date: 09-06-0202 | Preparation Date: 07-23-2015 |
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 2 | | |

**PRESENTER:**
NOTE RESOLUTIONS
1135 CLIFTON AVENUE
SUITE 204-A
CLIFTON, NJ 07013
973-261-8050
YALMAHDY@NOTERESOLUTION.COM

**RETURN TO:**
NOTE RESOLUTIONS
1135 CLIFTON AVENUE
SUITE 204-A
CLIFTON, NJ 07013
973-261-8050
YALMAHDY@NOTERESOLUTION.COM

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1726 | 29 | Entire Lot | 111-15 34TH   AVENUE |

Property Type: DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

CRFN:   2008000042296         .

**PARTIES**

**ASSIGNOR/OLD LENDER:**
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC
1901 E VOOHEES STREET, SUITE C
DANVILLE, IL 61834

**ASSIGNEE/NEW LENDER:**
LAKE ICON PORTFOLIO MANAGEMENT I, LLC
1557 NE 164TH STREET, SUITE 201
NORTH MIAMI BEACH, FL 33162

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed       08-27-2015 14:32 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | **2015000299070** | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

*City Register Official Signature*

NEW YORK

# ASSIGNMENT OF MORTGAGE

COUNTY OF *QUEENS*
LOAN NO.  *(E0646812 )22443818*
POOL NO.
TOWN OF.

When recorded return to:
National Note Equities, LLC
1135 Clifton Avenue Ste 204
Clifton, NJ 07013
855-406-7552

KNOW THAT *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR E-LOAN, INC. ITS SUCCESSORS AND ASSIGNS,*

located at *1901 E VOORHEES ST. SUITE C,  DANVILLE, IL 61834*
(ASSIGNOR), in consideration of TEN DOLLARS ($10.00) paid by *LAKE ICON PORTFOLIO MANAGEMENT I, LLC*

hereby  assigns unto the (ASSIGNEE) *LAKE ICON PORTFOLIO MANAGEMENT I, LLC*

located at  *1557 NORTHEAST 164TH STREET - SUITE 201  NORTH MIAMI BEACH, FL 33162*
A certain Mortgage dated the *20th* day of *NOVEMBER 2007*      made by *JAMIE D. RICE, A SINGLE WOMAN*

to *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR E-LOAN, INC. ITS SUCCESSORS AND ASSIGNS*

in the principal sum of *275,000.00*
and recorded on the *31st*  day of *JANUARY 2008*
in Liber/Reel number _____  of Mortgage Page _____
Document Number  *2008000042296*  Serial no. _____
in the office of  *QUEENS*  County New York more
particularly described hereinafter as follows:
*AS DESCRIBED ON SAID MORTGAGE REFERRRED TO HEREIN.*
Section _____  Block *1726*  Lot *29*
PROPERTY ADDRESS: 111-15 34TH AVENUE CORONA, NY 11368

This assignment is not subject to the requirements of Section 275 of the Real Estate Law because
it is an assignment within the secondary mortgage market.

| to | | Doc# |
|----|----|------|
| on _____ in Liber/Reel _____ | of Deed Page _____ | |
| and from _____ | | |
| to | | Doc# |
| on _____ in Liber/Reel _____ | of Deed Page _____ | |
| and from _____ | | |
| to _____ | | |
| on _____ in Liber/Reel _____ | of Deed Page _____ | |



*J=bp8032304ai.s.17111*
(NMRI.NY.PH)

MIN 100039650006468123  MERS PHONE: 1-888-679-6377
Page 1 of 2

Loan No.*(E0646812 )22443818*

TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.
The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.  This assignment is not subject to the requirements of section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.
IN WITNESS WHEREOF, the assignor has duly executed this assignment this **6th** _____ day of __*SEPTEMBER 2012*_____.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

BY _____

REBECCA HIGLEY
**ASSISTANT SECRETARY**

STATE OF *IDAHO* _____ )
                            ) ss
COUNTY OF *BONNEVILLE* _____ )

On the 6th _____ day of _SEPTEMBER 2012_____ before me, the undersigned personally appeared __REBECCA HIGLEY_____ and _____
_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of _____*BONNEVILLE*_____,
State of *IDAHO* _____.

*VICKIE SORG* *(COMMISSION EXP. 08-18-17)*
NOTARY PUBLIC

*BONNEVILLE*

SEAL

PREPARED BY SECURITY CONNECTIONS, INC.
WHEN RECORDED MAIL TO:
SECURITY CONNECTIONS, INC.
240 TECHNOLOGY DRIVE
IDAHO FALLS, IDAHO 83401
ATTN

*C=s.519.0016*           *MIN 100039650006468123   MERS PHONE: 1-888-679-6377*
*P=S.002.00525.48*       *J=bp8032304ai.s.17111*

# EXHIBIT  K

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

**2015072200685002002E1C44**

## RECORDING AND ENDORSEMENT COVER PAGE PAGE 1 OF 3

| Document ID: **2015072200685002** | Document Date: **06-03-2015** | Preparation Date: **07-23-2015** |
|---|---|---|

Document Type: **ASSIGNMENT, MORTGAGE**
Document Page Count: **2**

| PRESENTER: | RETURN TO: |
|---|---|
| NOTE RESOLUTIONS<br>1135 CLIFTON AVENUE<br>SUITE 204-A<br>CLIFTON, NJ 07013<br>973-261-8050<br>YALMAHDY@NOTERESOLUTION.COM | NOTE RESOLUTIONS<br>1135 CLIFTON AVENUE<br>SUITE 204-A<br>CLIFTON, NJ 07013<br>973-261-8050<br>YALMAHDY@NOTERESOLUTION.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1726 | 29 | Entire Lot | 111-15 34TH  AVENUE |

Property Type: **DWELLING ONLY - 2 FAMILY**

### CROSS REFERENCE DATA

CRFN:     2008000042296

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| LAKE ICON PORTFOLIO MANAGEMENT I, LLC<br>1557 NE 164TH STREET, SUITE 201<br>NORTH MIAMI BEACH, FL 33162 | NATIONAL NOTE GROUP DE LLC1<br>1135 CLIFTON AVENUE, SUITE 204<br>CLIFTON, NJ 07013 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |
| Recording Fee: | $ | 47.00 | |
| Affidavit Fee: | $ | 0.00 | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed      08-27-2015 14:32
City Register File No.(CRFN):
**2015000299071**

*Annette M Hill*

*City Register Official Signature*

Prepared By/Return To:
LAKE ICON PORTFOLIO MANAGEMENT I, LLC
1557 NE 164th Street, Suite 203
North Miami Beach, FL 33162

Send any notices to Assignee.
File ID: 22443818

When recorded return to:
National Note Equities, LLC
1135 Clifton Avenue Ste 204
Clifton, NJ 07013
855-406-7552

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

### KNOW ALL MEN BY THESE PRESENTS:

That **LAKE ICON PORTFOLIO MANAGEMENT I, LLC,** located at 1557 NE 164th Street, Suite 203, North Miami Beach, FL 33162, the assignor, for valuable consideration received, the receipt of which is hereby acknowledged, does hereby sell, assign, transfer, set over and convey unto:

### NATIONAL NOTE GROUP DE LLC1
1135 Clifton Avenue, Suite 204-A
Clifton, NJ 07013

the assignee, the described mortgage/deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **JAMIE D. RICE, A SINGLE WOMAN,** to **Mortgage Electronic Registration Systems, Inc as nominee for E-LOAN, INC., ITS SUCCESSORS AND ASSIGNS.** Said mortgage/deed of trust dated **11/20/2007** is recorded on **1/31/2008** in the state of NY, county of Queens, as Document/Instrument No: **2008000042296** in Book --- and Page --- for the AMOUNT: **$275000.00.**

Block 1726 Lot 29
Property Address: **111-15 34TH AVE, CORONA, NY 11368**

TOGETHER with the note or notes therein described or referred to the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage/Deed of Trust.

TO HAVE AND TO HOLD the same to **NATIONAL NOTE GROUP DE LLC1,** its Successors and Assigns forever.

This assignment is not subject to the requirements of Section 275 of the Real Estate Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the Undersigned has caused this instrument to be executed as a sealed instrument by its proper officer on this 3 day of June, 2015.

LAKE ICON PORTFOLIO MANAGEMENT I, LLC

Name: Jarret Gross
Title: Manager

STATE OF _____
COUNTY OF _____

On this ___ day of June, 2015, before me, the undersigned, a Notary Public, in and for the County and State aforesaid, personally appeared Jarret Gross, Manager, of LAKE ICON PORTFOLIO MANAGEMENT I, LLC, and acknowledged to me that he/she executed the same for the uses and purposes therein set forth.

NOTARY PUBLIC
My Commission Expires: 4/21/18

VICTORIA ANNE GILLIS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF114768
Expires 4/21/2018

SEAL

SEAL

-Assignment of Mortgage/Deed of Trust – Page 2-

# EXHIBIT  L

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.



2016050200897001001E639C

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| **Document ID:** 2016050200897001 | Document Date: 01-07-2016 | Preparation Date: 05-02-2016 |

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| REDVISION (PICK UP)<br>16 COURT STREET SUITE 714<br>PARTNERS (200105-Q)<br>BROOKLYN, NY 11241<br>347-296-0070<br>KAVITA.JURAKAN@REDVISION.COM | THE MARGOLIN & WEINREB LAW GROUP, LLP<br>165 EILEEN WAY, SUITE 101<br>SYOSSET, NY 11791 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1726 | 29 | Entire Lot | 111-15 34TH AVENUE |

Property Type: DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

CRFN: 2008000042296         .

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| NATIONAL NOTE GROUP DE LLC1<br>1135CLIFTON AVENUE, SUITE 204<br>CLIFTON, NJ 07013 | CROSBY CAPITAL USA<br>469 SEVENTH AVENUE<br>NEW YORK, NY 10001 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

| TASF: | $ | 0.00 | Recorded/Filed | 05-06-2016 14:47 |
|---|---|---|---|---|
| MTA: | $ | 0.00 | City Register File No.(CRFN): | |
| NYCTA: | $ | 0.00 | | 2016000157408 |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

*Annette M Hill*

*City Register Official Signature*

County: Queens

Block: 1726
Lot: 29

Assignment of Mortgage without Covenant-
Individual or Corporation (Single Sheet)

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-
THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.**

**KNOW THAT**

National Note Group DE LLC1, a corporation organized and existing under the laws of the
United States of America whose principal place of business is 1135Clifton Avenue, Suite 204,
Clifton, NJ 07013
assignor,

in consideration of TEN AND OO/100 DOLLARS ($10.00) and other good and valuable
consideration, paid by

Crosby Capital USA a/k/a Crosby Capital LLC a corporation organized and existing under the
laws of the United States of America whose principal place of business is 469 Seventh Avenue,
New York, NY 10001, assignee,

hereby assigns unto the assignee, a certain Mortgage dated November 20, 2007, made by Jamie
D. Rice to Mortgage Electronic Registration Systems, Inc. as nominee for E-Loan Inc., its
successors and assigns in the principal sum of $275,000.00 and recorded on January 31, 2008 in
CRFN: 2008000042296 in the Office of the New York City Register, County of Queens
covering premises known as 111-15 34th Avenue, Corona, NY 11368 which mortgage was
assigned to Lake Icon Portfolio Management I, LLC by assignment dated September 6, 2012 and
recorded on August 27, 2015 in CRFN: 2015000299070.  Said mortgage was further assigned to
National Note Group DE LLC1 by assignment dated June 3, 2015 and recorded on August 27,
2015 in CRFN: 2015000299071.

Pursuant to Section 321 of the Real Property Law, said mortgage has not been further assigned.

This assignment is not subject to the requirements of Section 275 of the Real Property Law
because it is an assignment within the secondary mortgage market.

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due
and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the
assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees"
whenever the sense of this instrument so requires.

DATED:

National Note Group DE LLC1

By:_____
        F. Ruan B lai

Title: Managing Partner

(General Acknowledgment for documents executed and notarized **outside of New York State, except California)**

ACKNOWLEDGMENT

State of New Jersey )
County of Passaic )ss.

 On the 7th day of January in the year 2016 before me, the undersigned, personally appeared Fujuan Bilal , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Clifton , State of New Jersey

Notary Signature Yaritza Al Inahdy

PREMISES:  111-15 34th Avenue, Corona, NY 11368

Assignment of Mortgage
Without Covenant

TITLE NO.

BLOCK: 183

LOT: 935 and 936

National Note Group DE LLC1

TO

Crosby Capital USA

COUNTY OR TOWN: Queens
PROPERTY ADDRESS:
111-15 34th Avenue,
Corona, NY 11368

RECORD AND RETURN TO:

Crosby Capital USA

C/O
The Margolin & Weinreb Law Group, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791

# EXHIBIT M

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2016050200897002001E63D8

## RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 5

| | | |
|---|---|---|
| **Document ID:** 2016050200897002 | **Document Date:** 01-07-2016 | **Preparation Date:** 05-02-2016 |
| **Document Type:** ASSIGNMENT, MORTGAGE | | |
| **Document Page Count:** 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| REDVISION (PICK UP) | THE MARGOLIN & WEINREB LAW GROUP, LLP |
| 16 COURT STREET SUITE 714 | 165 EILEEN WAY, SUITE 101 |
| PARTNERS (200105-Q) | SYOSSET, NY 11791 |
| BROOKLYN, NY 11241 | |
| 347-296-0070 | |
| KAVITA.JURAKAN@REDVISION.COM | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1726 | 29 | Entire Lot | 111-15 34TH AVENUE |
| **Property Type:** | DWELLING ONLY - 2 FAMILY | | | |

### CROSS REFERENCE DATA

**CRFN:** 2008000042296

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| NATIONAL NOTE GROUP DE LLC1 | CROSBY CAPITAL USA |
| 1135 CLIFTON AVENUE, SUITE 204 | 469 SEVENTH AVENUE |
| CLIFTON, NJ 07013 | NEW YORK, NY 10001 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |
| Recording Fee: | $ | 52.00 | |
| Affidavit Fee: | $ | 0.00 | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed    05-06-2016 14:47
City Register File No.(CRFN):
**2016000157409**

*Jannette M Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2016050200897002001C6158

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 5 |
|---|---|

**Document ID: 2016050200897002**   Document Date: 01-07-2016   Preparation Date: 05-02-2016
Document Type: ASSIGNMENT, MORTGAGE

**PARTIES**
**ASSIGNEE/NEW LENDER:**
CROSBY CAPITAL LLC
469 SEVENTH AVENUE
NEW YORK, NY 10001

County: Queens

Block: 1726
Lot: 29

Assignment of Mortgage without Covenant-
Individual or Corporation (Single Sheet)

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-
THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.**

KNOW THAT

National Note Group DE LLC1, a corporation organized and existing under the laws of the
United States of America whose principal place of business is 1135Clifton Avenue, Suite 204,
Clifton, NJ 07013
assignor,

in consideration of TEN AND OO/100 DOLLARS ($10.00) and other good and valuable
consideration, paid by

Crosby Capital USA a/k/a Crosby Capital LLC a corporation organized and existing under the
laws of the United States of America whose principal place of business is 469 Seventh Avenue,
New York, NY 10001, assignee,

hereby assigns unto the assignee, a certain Mortgage dated November 20, 2007, made by Jamie
D. Rice to Mortgage Electronic Registration Systems, Inc. as nominee for E-Loan Inc., its
successors and assigns in the principal sum of $275,000.00 and recorded on January 31, 2008 in
CRFN: 2008000042296 in the Office of the New York City Register, County of Queens
covering premises known as 111-15 34th Avenue, Corona, NY 11368 which mortgage was
assigned to Lake Icon Portfolio Management I, LLC by assignment dated September 6, 2012 and
recorded on August 27, 2015 in CRFN: 2015000299070.  Said mortgage was further assigned to
National Note Group DE LLC1 by assignment dated June 3, 2015 and recorded on August 27,
2015 in CRFN: 2015000299071.

Pursuant to Section 321 of the Real Property Law, said mortgage has not been further assigned.

This assignment is not subject to the requirements of Section 275 of the Real Property Law
because it is an assignment within the secondary mortgage market.

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due
and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the
assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees"
whenever the sense of this instrument so requires.

DATED:

National Note Group DE LLC1

By: _____
F. ~uan B la l

Title: Monaging Partner

(General Acknowledgment for documents executed and notarized <u>outside of New York State, except California</u>)

ACKNOWLEDGMENT

State of New Jersey )
County of Passaic )ss.

On the 7th day of January in the year 2016 before me, the undersigned, personally appeared Fuzuan Bilal , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Clifton , State of New Jersey

_____
Notary Signature   Yaritza Al Itahdy

PREMISES:  111-15 34th Avenue, Corona, NY 11368

Assignment of Mortgage
Without Covenant

TITLE NO.

National Note Group DE LLC1

TO

Crosby Capital USA

BLOCK: 183

LOT: 935 and 936

COUNTY OR TOWN: Queens
PROPERTY ADDRESS:
111-15 34th Avenue,
Corona, NY 11368

RECORD AND RETURN TO:

Crosby Capital USA

C/O
The Margolin & Weinreb Law Group, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791

# EXHIBIT N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                      Civil Action No.: 16-2353 (BMC)

                          Plaintiff,

              -against-

JAMIE RICE a/k/a JAMIE D. RICE, CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD and JOHN DOE "1"
through "12", said persons or parties having
or claimed to have a right, title or interest in
the mortgaged premises herein, their respective
names are presently unknown to Plaintiff,

                          Defendants.
------------------------------------------------------------X

### AFFIDAVIT OF JARED DOTOLI IN SUPPORT
### OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA             )
                             )    ss.:
COUNTY OF MIAMI DADE         )

JARED DOTOLI, being duly sworn, deposes and says that:

1.       I am the Managing Member of Gustavia Home, LLC, Plaintiff in the above-referenced foreclosure case and as such, I have personal knowledge of the facts of this case and the events that transpired to date by virtue of my review of the records maintained by Plaintiff in the ordinary course of business and all of the pleadings and proceedings herein.

2.       I respectfully submit this Affidavit in support of Plaintiff's Motion for an Order:

     a.   Granting Plaintiff Summary Judgment pursuant to FRCP 56(a);

     b.   Striking the Amended Answer and Affirmative Defenses (the "Answer") filed by Jamie Rice a/k/a Jamie D. Rice ("Defendant");

    c.  Entering a default against non-appearing defendant New York Environmental Control Board;

    d.  Excising Defendants "JOHN DOE #1 through JOHN DOE #12", from the caption; and

    e.  For such other and further relief as this Court deems just and proper.

3.     On November 20, 2007, Defendant executed a note and mortgage in the principal amount of $275,000 and interest to E-Loan Inc. The applicable mortgage tax was paid. Copies of the Note with Allonge and Mortgage were attached to the Complaint as Exhibits B and C, respectively. Said Mortgage was recorded on January 31, 2008 in the Office of the City Register of the City of New York in the Queens County Clerk's Office in CRFN: 2008000042296.

4.     On September 6, 2012, the mortgage was assigned by written Assignment to Lake Icon Portfolio Management I, LLC. This assignment was recorded on August 27, 2015 in the Office of the Register of the City of New York for the County of Queens as CRFN: 2015000299070. Simultaneously, the Note was transferred by the lender affixing a proper allonge.

5.     On June 3, 2015, the note and mortgage were further assigned by proper allonge and written Assignment to National Note Group, DE LLC1. This Assignment was recorded on August 27, 2015 in the Office of the Register of the City of New York for the County of Queens as CRFN: 2005000299071.

6.     On January 7, 2016, the note and mortgage were further assigned by proper allonge and by written Assignment to Crosby Capital USA a/k/a Crosby Capital LLC. This Assignment was sent for recording in the Office of the Register of the City of New York for the County of Queens.

7.    The Mortgage and Note were further assigned to Plaintiff by assignment of mortgage dated January 7, 2016 which assignment has been sent to the Queens County Clerk's office for recording. A copy of the assignments were attached to the Complaint as Exhibit D.

8.    Plaintiff is the owner and holder of the Note and Mortgage.

9.    Pursuant to Paragraph 3 of the Note, Defendant was required to make monthly payments of principal and interest beginning January 1, 2008, each in the amount of $1,968.23 and continuing the first day of each month thereafter until the Maturity Date.

10.    Defendant breached her obligations under the Note (and thereby caused a default under the Mortgage pursuant to Paragraph 20 thereof) by failing to pay the regular monthly payment which came due on July 2011 (the "Event of Default") and all subsequent payments.

11.    Pursuant to the Note, "[i]f I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default." See the Note attached to the Amended Complaint at Exhibit B.

12.    The Mortgage further provides that upon the occurrence of a default, that the mortgagee may "require that I pay immediately the entire amount then remaining unpaid under the Note and this Security Interest. Lender may do this without making any further demand for payment." (See Paragraph 20 of the Mortgage attached to the Amended Complaint as Exhibit C.)

13.    On or about January 13, 2016, Plaintiff sent Defendant a 90-day notice of default which complied with RPAPL §1304 (the "90 Day Notice"). A copy of the 90 Day Notice with proof of mailing as well as the New York State Department of Financial Services proof of registration requirement under RPAPL §1306 is attached to the Amended Complaint at Exhibit F.

14.     Since the transmittal of the 90 Day Notice, Defendant has failed to cure the default under the Note and Mortgage.

15.     As set forth in paragraph 29 of the Amended Complaint as of April 12, 2016 the principal amount due and owing to Plaintiff, including all accrued and unpaid interest and late charges was $374,002.62, plus late fees, legal fees, costs and expenses, and such sums as Plaintiff may have advanced for taxes, insurance and maintaining the Property (collectively the "Amount Due").

16.     Plaintiff commenced this action on May 10, 2016, by the filing of a Complaint (the "Complaint") seeking to foreclose the Mortgage encumbering the Property.  On the next date, the Clerk issued a Summons as to defendants named herein.  Thereafter, Plaintiff amended its Complaint [See ECF Doc. No. 17].

17.     The following will set forth the basis of the factual allegations contained in the Amended Complaint, and refute Defendant's denials and purported affirmative defenses as set forth in Defendants' Amended Answer.  [See Defendant's Amended Answer at ECF Doc. 25.]

18.     Paragraph "1" of the Amended Complaint summarizes the nature of this action, which is foreclosure of a mortgage encumbering real property in Queens County, commonly known as 111-15 34th Avenue, Corona, New York 11368, which is something I know to be true of my own knowledge.

19.     Paragraph "2" of the Amended Complaint alleges that Plaintiff is a Florida Limited Liability Company organized under and by the virtue of the laws of the United States of America, having its home office in the State of Florida.  This is also something I know to be true of my own knowledge.  Attached hereto and marked as **Exhibit 1** is Plaintiff's operating agreement.

20.     Paragraphs "3" and "4" of the Amended Complaint alleges that Plaintiff is a single-member limited liability company whose citizen is an individual domiciled in Florida. I am Plaintiff's sole member and I am domiciled in Florida. Attached hereto as **Exhibit 2** is a copy of my Florida driver's license.

21.     Paragraph "5" of the Amended Complaint alleges that Defendant is a citizen of New York and she has an address at 111-15 34th Avenue, Corona, New York. However, according to Defendant's Answer, she stated that she resides at 377 Nostrand Avenue, 2nd Floor, Brooklyn, New York 11216.

22.     Paragraph "7" of the Amended Complaint alleges Rice is necessary party-defendant to this action because she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the record owners of the Property; (iii) is the borrowers of the loan; and (iv) is the mortgagors under the Mortgage. According to Defendant's Answer, she admits the allegations contained in paragraph "7" of the Amended Complaint.

23.     Paragraph "8" of the Amended Complaint recites that the City of New York Environmental Control Board is a necessary Party-defendant to the action. The entity is a necessary party-defendant pursuant to RPAPL §1311(1) because it filed a lien or judgment against the Property.

24.     Paragraph "9" of the Amended Complaint recites that the "John Doe" Defendants may be necessary parties as they are possible tenants or other interest holders at the Property. A request is made to dismiss John Doe #1 through John Doe #12 from this action and excising their names from the caption of this proceeding. The presence or substitution of or dismissal of any John Doe defendants in this action does not present any issue of fact necessitating a trial.

25.     Paragraphs "11" and "12" of the Amended Complaint alleges that this Court has jurisdiction over this action because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Pursuant to federal law, because Defendant is a single member limited liability company and its single member is an individual who is domiciled in Florida, it is therefore deemed to be a Florida resident for diversity purposes. Further, Defendant admitted in paragraph 3 of her Amended Answer that she is a resident of New York thus jurisdiction based upon diversity of citizenship and the amount in controversy, are both readily apparent and do not present issues of fact necessitating a trial.

26.     Paragraph "14" and "15" of the Amended Complaint recites that venue in this Court is appropriate. The Property encumbered by the Mortgage is located in Queens County, New York. Thus, the substantial events of this controversy occurred within this Court's venue and any denial thereof does not present a bona fide question of fact necessitating a trial.

27.     Paragraphs "16" and "17" of the Amended Complaint alleges that Defendant executed the Note and Mortgage. Defendant admits same in her Answer and therefore her admission does not present a question of fact in this case.

28.     Paragraph "23" of the Amended Complaint alleges that Plaintiff remains the owner and holder of the Note and Mortgage and is in physical possession of said Note and Mortgage. This is something I know to be true of my own knowledge and again a fact that Defendant admits to be true. Importantly, this is not in dispute and her admission does not present a question of fact in this case.

29.     Paragraph "24" of the Amended Complaint recites the default of the terms under the subject Mortgage and Note, including that Defendant failed to make the regular monthly

Case 1:16-cv-02355-BMC Document 26-1 Filed 08/20/16 Page 7 of 10 PageID #: 247

payment that became due on July 1, 2011 and has failed to cure said default as of the date hereof. I know this information to be true of my own knowledge.

30.     Paragraph "25" of the Amended Complaint recites that on January 13, 2016, that a 30-day notice to cure under the Mortgage and Note (the "Default Notice") was mailed to Defendant advising Defendant that if she failed to cure the default, the Mortgage and Note would be accelerated and the entire principal balance would become due and owing. This is something I know to be true of my own knowledge from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business. A copy of the 30-day default notice is attached to the Amended Complaint as Exhibit E.

31.     Paragraph "26" of the Amended Complaint recites that pursuant to RPAPL §1304(1), the required 90-day notices were issued on January 13, 2016. This is something I know to be true of my own knowledge from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business. A copy of the 90 Day Statutory Notice pursuant to New York R.P.A.P.L. § 1304(1) and proof of mailing are attached to the Amended Complaint as Exhibit F.

32.     Paragraph "27" of the Amended Complaint recites that pursuant to RPAPL Section 1302 as amended, Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

33.     Paragraph "29" of the Amended Complaint recites the amount that Defendant is indebted to Plaintiff under the subject loan. While I know this information is subject to verification, such computations are nonetheless subject to a final accounting, and as such, do not raise issues of fact necessitating a trial.

34.     Paragraph "32" of the Amended Complaint contains a standard list of allegations necessary in a foreclosure complaint which recites those items to which the title devolving through the foreclosure will be subject. This allegation is purely a matter of law.

35.     Paragraph "33" of the Amended Complaint recites that if Plaintiff possesses any other liens against the Property, these shall not be merged in the cause of action commenced by Plaintiff. This is a routine allegation in a foreclosure action and is solely a matter of law.

36.     Paragraph "34" of the Amended Complaint is another standard allegation unique to foreclosure complaints, reciting that Plaintiff shall not be deemed to have waived the election to accelerate in the event that, subsequent to the commencement of this action, it accepts any payment made towards the Mortgage obligation. This point is moot since no payments have been made or accepted subsequent to the commencement of this action.

37.     Paragraph "35" of the Complaint states that no other action or proceeding has been commenced. This is true and I know this to be true because I have not assigned this case to this law firm, or any other law firm, to commence another action to foreclose this mortgage, prior to or subsequent to this instant action.

38.     I have reviewed Defendant's Answer and have been advised by counsel that the affirmative defenses contained therein are frivolous, lack merit, and should be stricken as a matter of law. In particular, it appears that the Amended Answer is a form answer with form affirmative defenses that do not apply to this loan.

39.     For example, Defendant claims as her Eleventh Affirmative Defense, at ¶29 in her Amended Answer, that "Plaintiff negligently failed to act on Defendant's HAMP modification application." However Plaintiff's loan is not eligible for HAMP because it is a second mortgage and Plaintiff is not participating in the HAMP program.

40.    To be eligible to be a second lien modification program, the first mortgage needs to be successfully modified under HAMP.  Defendant fails to provide any information or documentation that she has successfully modified her first mortgage.

41.    Moreover, Defendant never provided Plaintiff, or its servicer, with any documents to process a loan modification including an income statement, IRS 4506-t form, paystubs, and an affidavit of financial hardship.

42.    Defendant never submitted a loan modification application to Plaintiff.

43.    Based upon the foregoing, it is respectfully submitted that Plaintiff's' case for Summary Judgment has been fully and completely set forth herein above, in the Attorney Affirmation in Support of Summary Judgment, and in the Memorandum of Law submitted herewith.

44.    I respectfully submit this Affidavit knowing full well that the United States District Court, Eastern District of New York is relying upon the truth of the statements contained herein.

I hereby make oath or affirmation that the contents of this affidavit are true and correct to the best of my knowledge, information and belief.

JARED DOTOLI

STATE OF FLORIDA            )
                            )    ss:
COUNTY OF MIAMI DADE        )

On the 17 day of August, in the year 2016, before me, the undersigned, personally appeared JARED DOTOLI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the entity upon behalf of which the individual acted, executed the

instrument, and that such individual made such appearance before the undersigned in the city of Miami.

_____
Notary Public

Printed Name: Simone Miller

My Commission Expires: October 3, 2016

SIMONE MILLER
Notary Public - State of Florida
My Comm. Expires Oct 3, 2016
Commission # EE 848286

## CERTIFICATE OF CONFORMITY

The undersigned, Simone Miller, a notary licensed in the State of Florida, affirms under penalty of perjury and hereby verifies that I witnessed the signature of Jared Dotoli as applied to the Affidavit annexed to this Certificate, which was signed and dated on August __, 2016. The manner in which same was signed was, and is, in accordance with and conforms to, the Laws for taking oaths and acknowledgements, in the State of Florida.

Dated: August 17, 2016

_____
Notary

SIMONE MILLER
Notary Public - State of Florida
My Comm. Expires Oct 3, 2016
Commission # EE 848286

# EXHIBIT  O

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

GUSTAVIA HOME, LLC,                                    Civil Action No.: 16-2353 (BMC)

                            Plaintiff,

                -against-

JAMIE RICE a/k/a JAMIE D. RICE, CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD and JOHN DOE "1"
through "12", said persons or parties having
or claimed to have a right, title or interest in
the mortgaged premises herein, their respective
names are presently unknown to Plaintiff,

                            Defendants.
---------------------------------------------------------------X

## AFFIDAVIT OF DAMAGES

STATE OF FLORIDA          )
                         ) ss:
COUNTY OF Miami - Dade    )

        Jared Dotoli, being duly sworn, deposes and says that:

        1.      I am the sole member of Gustavia Home, LLC ("Plaintiff"). I am fully familiar
with all of the facts and circumstances herein.

        2.      Plaintiff is the owner and holder of the Mortgage and Note, described in the
Complaint.

        3.      I have reviewed Plaintiff's records that are kept in the regular course of its
business.

        4.      I have also reviewed the attached Statement of Amounts Due and Owing, as of
November 16, 2016, a copy of which is annexed hereto and is incorporated herein with the same
force and effect as if set forth herein at length.

1

5.      The Statement of Amounts Due and Owing was prepared from my records and correctly sets forth the amounts due and owing on the Note and Mortgage mentioned in the Complaint herein for principal and interest. No payments have been made on account of any of the items shown on said Statement of Amounts Due and Owing.

6.      This loan is due for the payment that became due on July 1, 2011.

7.      The original Mortgage amount was $275,000. The interest rate as set forth in the Note at inception was a fixed rate at 7.740%.

8.      As of November 21, 2016, the outstanding principal balance is $271,733.17.

9.      As of November 21, 2016, the past due interest owed on the Loan is $113,924.20.

10.     The calculation of interest is as follows: the monthly rate of interest at 7.740% is $1,752.68 ($271,733.17 times 7.740% divided by 12 months per year).

11.     Defendant is 65 months past due times $1,752.68 per month totaling $113,924.20. In addition, Defendant owes 21 days in November at $57.46 per day totaling $1,206.66. Therefore, the total amount owed through November 21, 2016 is $386,863.96 -- summarized as follows:

| Principal Balance | $271,733.17 |
| Interest from July 1, 2011 to November 1, 2016 *(i.e. 65 months)* | $113,924.13 |
| Per diem November 1, 2016 to November 21, 2016 *(i.e. 21 days)* | $1,206.66$ |
| Total Payoff | $386,863.96 |

12.     The mortgaged premises located at 111-15 34th Avenue, Corona, New York 11368 (the "Premises") consist of one (1) parcel of land and one (1) tax lot located in Queens County, State of New York.

2

13. I respectfully request that the Court permit the Premises be sold as one (1) parcel.

14. I respectfully submit this Affidavit knowing that the United States District Court, Eastern District of New York is relying upon the truth of the statements contained herein.

I hereby make oath or affirmation that the contents of this affidavit are true and correct to the best of my knowledge, information and belief.

Jared Dotoli, member

**(General Acknowledgment for documents executed and notarized outside New York)**
**ACKNOWLEDGMENT**

State of Florida )
County of Miami Dade ) ss.

On the 18 day of November, in the year 2016, before me, the undersigned, personally appeared JARED DOTOLI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the entity upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the city of Aventura.

Notary Public

Printed Name: Elizabeth Matos-Polit

My Commission Expires: July 16, 2019

Witness my hand and official seal.

Notary Signature

ELIZABETH MATOS-POLIT
Notary Public - State of Florida
Commission # FF 900421
My Comm. Expires Jul 16, 2019

3

## STATEMENT OF AMOUNT DUE AND OWING

Case Name:    Gustavia Home, LLC v. Jamie Rice, a/k/a New York Environmental Control Board

Civil No.:    16-cv-2353 (BMC)

## NOTE: PRINCIPAL AND INTEREST

Principal of Note and Mortgage unpaid:

**Two Hundred Seventy One Thousand Seven Hundred Thirty Three and Seventeen Cents ($271,733.17)**

Interest at 7.740% per annum from July 1, 2011 through November 21, 2016
**One Hundred Fifteen Thousand One Hundred Thirty and Seventy-Nine Cents ($115,130.79)**

## TOTAL PRINCIPAL AND INTEREST

| | |
|---|---|
| Outstanding Principal Balance | $ 271,733.17 |
| Interest (July 1, 2011 to November 21, 2016) | $ 115,130.79 |
| **Total Principal and Interest** | **$ 386,863.96** |
| | |

4

# EXHIBIT  P

NOTICE OF SALE

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK. GUSTAVIA
HOME LLC, Pltf. vs. JAMIE RICE A/K/A JAMIE D. RICE, et al, Defts. Civil Action #16-CV-
02353-BMC. Pursuant to judgment of foreclosure and sale dated Nov. 30, 2016, I will sell
at public auction at the United States District Court for the Eastern District of New York,
located at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY on July
13, 2017 at 10:00 a.m. prem. k/a 111-15 34th Avenue, Corona, NY a/k/a Tax Lot 29, Block
1726. Said property beginning at the corner formed by the intersection of the westerly
side of Roosevelt Street, now known as 112th Street with the northerly side of Park
Avenue now known as 34th Avenue distant 52.13 ft. westerly, being a plot 84.58 ft. x 28.19
ft. x 81.55 ft. x 28.35 ft. Sold subject to terms and conditions of filed judgment and terms
of sale. CHARLES EMMA, Referee. THE MARGOLIN & WEINREB LAW GROUP, LLP,
Attys. for Pltf., 165 Eileen Way, Ste. 101, Syosset, NY. #91559

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GUSTAVIA HOME, LLC,                                          Case No. 16-cv-2353 (BMC)

                        Plaintiff,

            -against-

JAMIE RICE a/k/a JAMIE D. RICE, and CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,

                        Defendants.
-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                 )   ss:
COUNTY OF NASSAU )

        Gina Votta, being duly sworn, deposes and says that:

        I am not a party to the action, am over the age of 18 years and reside in Suffolk County,
State of New York.

        On April 10, 2017, deponent served the within NOTICE OF SALE by depositing a true
copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody
of the United States Postal Service within the State of New York, addressed to each pf the
following persons at the last known address set forth after each name:

Jamie Rice
377 Norstrand Avenue, 2nd Floor
Brooklyn, New York 11216

Charles L. Emma
Referee
8410 3rd Avenue- 2nd floor
Brooklyn, NY 11209

                                                    _____
                                                    Gina Votta

Sworn to before me this
_20 day of Apr. 1, 2017

_____
Notary Public

ALYSSA L. KAPNER
Notary Public, State of New York
No. 02KA6237458
Qualified in Nassau County
Commission Expires March 21, 20__

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GUSTAVIA HOME, LLC,

                                         Case No. 16-cv-2353 (BMC)

                Plaintiff,

      -against-

JAMIE RICE a/k/a JAMIE D. RICE, and CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,

                Defendants.
-------------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
               )  ss:
COUNTY OF NASSAU )

      Gina Votta, being duly sworn, deposes and says that:

      I am not a party to the action, am over the age of 18 years and reside in Suffolk County,
State of New York.

      On April 20, 2017, deponent served the within NOTICE OF SALE by depositing a true
copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody
of the United States Postal Service within the State of New York, addressed to each pf the
following persons at the last known address set forth after each name:

Jamie Rice
377 Norstrand Avenue, 2nd Floor
Brooklyn, New York 11216

Charles L. Emma - Referee
8410 3rd Avenue- 2nd floor
Brooklyn, NY 11209

                                               */s/ Gina Votta*
                                              Gina Votta

Sworn to before me this
20th day of April, 2017

*/s/ Alyssa L. Kapner*
Notary Public, State of New York
No. 02KA6237456
Qualified in Nassau County
Commission Expires March 21, 2019