UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMIE RICE,

                Plaintiff,

           - against -

RANDY J. SCHAEFER, ESQ., THE MARGOLIN
& WEINREB LAW GROUP, LLP, GUSTAVIA
HOME, LLC, JARED DOTOLI, CROSBY
CAPTIAL USA and YONEL DEVICO,

                Defendants.

------------------------------------------------------------X

**ORDER**

17-CV-2782 (RRM) (PK)

**Peggy Kuo, United States Magistrate Judge:**

The Honorable Roslynn R. Mauskopf, United States District Judge, has assigned this case to me for all pretrial purposes. Enclosed is a copy of the "Individual Practices of Magistrate Judge Peggy Kuo."

The Court's records reflect that the complaint in this action was filed on May 8, 2017. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff shall promptly advise the Court once the defendants have been served. Accordingly, if service is not made upon defendants by August 7, 2017, or plaintiff fails to show good cause why such service has not been effected, it will be recommended that the Court dismiss this action without prejudice.

Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of plaintiff's current address means the Court will not know where to contact plaintiff and may result in dismissal of the case. For information regarding court procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

SO ORDERED.

Dated: Brooklyn, New York
May 11, 2017

*Peggy Kuo*
_____
PEGGY KUO
United States Magistrate Judge

Individual Practice Rules of
# MAGISTRATE JUDGE PEGGY KUO

Effective November 14, 2016

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
718.613.2400

Courtroom 11C South
Courtroom Deputy -- Claudia Riquelme:  718.613.2404

## I. Communications with Chambers

### A. *Written Communications*

All communications with Chambers must be through electronic filing on ECF.  (For more information on ECF, see Section II below.)  In emergency situations requiring immediate attention, telephone calls to alert the Court to a filing are permitted.

### B. *Telephone Calls*

Telephone calls to Chambers are not permitted except when immediate attention is required.

### C. *Faxes*

Faxes are not permitted except with the <u>prior</u> permission of Chambers.

### D. *E-mail*

E-mails are permitted only for sending confidential settlement statements to Chambers, or as otherwise directed by the Court.

## II. Case Filings

### A. *Mandatory Electronic Case Filing (ECF)*

1. Counsel must file all documents via the Court's Electronic Case Filing system (ECF).  If you are encountering difficulties using ECF, call the ECF Help Desk at 718.613.2312 for assistance.  Do not call Chambers.

2. Orders and other notices from the Court will be posted via ECF. Only parties registered for ECF or attorneys who have filed a Notice of Appearance in a particular case will receive notifications. No notifications will be sent to anyone who has not entered an appearance in a case.

3. Filing procedures for *pro se* cases

   a. *Pro se* litigants are not required to file on ECF but must follow instructions from the Clerk's Office on how to communicate with the Court. *Pro se* litigants must keep current contact information on file with the Court, or risk dismissal of claims or other sanctions.

   b. Counsel in cases involving *pro se* litigants must send copies of all documents filed on ECF to the *pro se* party.

   c. Court orders will be provided to *pro se* litigants by U.S. mail.

   d. All *pro se* litigants and represented parties in cases involving *pro se* litigants are directed to the relevant Local Civil Rules, including 7.2, 12.1, 33.2, and 56.2.

B. *Sealing of Submissions*

Motions for leave to file documents under seal must be filed via ECF in accordance with the EDNY's instructions for electronically filing sealed documents. The proposed sealed document(s) must be attached to the motion for leave to file under seal. Instructions for filing sealed documents in civil cases are at: https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf. Instructions for filing sealed documents in criminal cases are at: https://img.nyed.uscourts.gov/files/forms/EfilingSealedCR.pdf.

For instructions on submitting confidential settlement statements, see "Settlement Conferences," at Section III (B) below.

C. *Courtesy Copies or Other Correspondence*

Do not submit courtesy copies unless asked to do so by the Court. Copies of correspondence between or among counsel should not be sent to Chambers or filed via ECF.

III. **Conferences**

    A. *Initial Conferences*

The parties must comply with the Initial Conference Order. At least **five (5) business days** before the Initial Conference, the parties must meet and confer, exchange initial disclosures, complete the Rule 26(f) Conference Checklist (https://www.nyed.uscourts.gov/pub/PK-confcl.pdf) and complete the proposed Initial Scheduling Order (https://www.nyed.uscourts.gov/pub/PK-schedo.pdf). Parties must be prepared to give an overview of the facts and issues of the case at the Initial Conference, discuss the dates in the proposed Initial Scheduling Order, and outline the anticipated discovery.

B. *Settlement Conferences*

    1. Each party, or someone with settlement authority for each party (other than counsel), must be present at the conference unless prior permission has been granted to be available by telephone.

    2. The parties must exchange an offer and demand <u>before</u> the Settlement Conference.

    3. Confidential *ex parte* settlement statements must be e-mailed to Chambers (kuo_chambers@nyed.uscourts.gov) at least **ten (10) days** before the conference, except as otherwise directed by the Court. Each settlement statement must contain the last offer or demand made, a realistic assessment of the strengths and weaknesses of the case, and a description of the interests of the party (if different from the party's positions).

C. *Requests to Adjourn or Otherwise Change a Conference*

    1. All requests for adjournment of a court date or other changes (such as a request to appear by telephone) must be made by letter and filed via ECF as a "**Motion**."

    2. Each request must state:

        a. the original date of the conference (if for an adjournment) and the number of previous requests;

        b. the reason for the request; and

        c.    whether the other parties consent to the request, and, if not, the reasons given for not consenting;

            or

            if the other parties could not be reached for input, efforts made to reach those parties.

3.     If a requested adjournment affects any other scheduled dates or deadlines, a proposed Revised Scheduling Order must be attached.

4.     Absent an emergency, requests must be made at least **two (2) business days** prior to the conference.  Under no circumstances should counsel make a request for adjournment by telephone.  (Counsel may, however, call the Court's attention to a last-minute emergency request <u>after</u> it is filed on ECF.)

## IV.   **Extensions of Time**

A.    All requests for an extension of time to file or respond by a court-imposed deadline must be made by letter and filed via ECF as a "**Motion**."

B.    Each request must state:

    1.    the original deadline;

    2.    the reason for the request;

    3.    the number of previous requests; and

    4.    whether the other parties consent, and, if not, the reasons given for not consenting.

C.    If a requested extension affects any other scheduled dates or deadlines, a proposed Revised Scheduling Order must be attached, and the requesting party should also request to adjourn any scheduled conferences believed to be affected.

D.    Absent an emergency, requests must be made **at least two (2) business days** <u>prior</u> to the deadline for which an extension is sought.

V.  **Motions**

A.  *Non-Dispositive Motions*

All **non-dispositive** pretrial motions, including discovery motions, are to be made to the Magistrate Judge, unless otherwise specifically ordered.

1.  <u>Discovery Motions</u>

a.  All requests for judicial intervention in discovery disputes must be made by letter and filed via ECF as a "**Motion**."

b.  Counsel are required to discuss their disputes with one another in person or by telephone before seeking judicial intervention.  Local Civil Rule 37.3(a).

c.  Discovery motions and responses must not exceed **three (3) pages** each absent prior permission of the Court.  Local Civil Rule 37.3(c).

d.  A pre-motion conference with the Court is not required before making a discovery motion.

e.  If the motion involves interrogatories, document requests, or requests for admissions, copies of the disputed requests and responses should be annexed.

f.  Response letters must be filed within **five (5) business days** after a letter motion is filed.  Submissions are limited to the movant's letter and the response letter; unauthorized replies will not be considered.

2.  <u>Non-Discovery Motions</u>

a.  No pre-motion conference with the Court is required before making non-dispositive non-discovery motions.

b.  Responses in opposition to a motion must be filed within **ten (10) business days** after the motion is filed.  Replies must be filed within **five (5) business days** after the response is filed.  Deadlines may be modified at the request of the parties or *sua sponte*.

c.  Unless prior permission has been granted, memoranda of law in support of, or in opposition to, motions are limited to **twelve (12) pages**, **double-**

**spaced** and reply memoranda are limited to **five (5) pages, double-spaced**.

    3.   <u>Oral Argument</u>

Parties may request oral argument by letter accompanying moving, opposition, or reply papers. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time. The Court may also order oral argument *sua sponte.*

B.   *Dispositive Motions*

All dispositive motions, including summary judgment motions and motions to dismiss, are to be made to the District Judge, unless all parties have consented in writing to determination by the Magistrate Judge in accordance with 28 U.S.C. § 636 (c)(1).

For all dispositive motions before Judge Kuo <u>on consent</u>, the following rules apply:

    1.   A motion requesting a pre-motion conference is required before any dispositive motion may be filed. The request must be accompanied by a summary of the proposed motion, not to exceed **three (3) pages**. Responses are limited to **three (3) pages**, and must be filed within **five (5) business days** of the request. Replies are not permitted. The time in which to respond may be modified at the request of the parties or *sua sponte.*

    2.   A briefing schedule for the motion will be set at the pre-motion conference.

    3.   Unless prior permission has been granted, memoranda of law in support of or in opposition to dispositive motions are limited to **twenty-five (25) pages, double-spaced**, and reply memoranda are limited to **ten (10) pages, double-spaced**. Length limitations may be modified at the pre-motion conference.

C.   *Motions Implicating Federal Rule of Appellate Procedure 4(a)(4)(A)*
       *or Similar Time-Limiting Rules*

If any party concludes in good faith that delaying the filing of a motion in order to comply with any aspect of these Individual Practice Rules will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil Procedure and/or the Federal Rules of Appellate Procedure, together with an explanation of the basis for the conclusion.

VI. **Trials on Consent**

A. *Joint Pretrial Order in Civil Cases*

Unless otherwise ordered by the Court, within **sixty (60) days** from the date of the completion of discovery in a civil case, the parties must submit to the Court a proposed Joint Pretrial Order, which shall include the following:

1. *Caption*: The full caption of the action.

2. *Parties and Counsel*: The names (including firm names), addresses, telephone numbers, fax numbers, and e-mail addresses of trial counsel.

3. *Jurisdiction*: A brief statement by Plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements must include citations to a) all statutes and legal doctrines relied on and b) relevant facts as to citizenship and amount in controversy.

4. *Claims and Defenses*: By each party, a brief summary of the elements of the claims and defenses that the party has asserted and that remain to be tried. The summary must include citations to all relevant statutes.

5. *Damages*: A brief statement of the categories and amounts of damages claimed or other relief sought.

6. *Jury or Bench Trial*: A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

7. *Stipulations*: A statement of stipulated facts, if any.

8. *Witnesses*: From each party, a list of names and addresses for the fact and expert witnesses whose testimony is to be offered in the party's case-in-chief, together with a brief narrative statement of each witness's expected testimony. Only listed witnesses will be permitted to testify unless prompt notice is given and good cause is shown.

9. *Deposition Testimony*: By each party, a designation of deposition testimony to be offered by the party in its case-in-chief, along with any cross-designations and objections by any other party.

10. *Exhibits*: A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties offering each exhibit. The schedule shall also include possible impeachment documents and/or exhibits,

and exhibits to be offered only on rebuttal.  Plaintiff's exhibits are to be identified with the prefix "P" followed by a number.  Defendant's exhibits are to be identified by the prefix "D" followed by a number.  The parties must list and briefly describe the basis for any objections to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues concerning authenticity, chain of custody, and other related grounds.  Only exhibits listed will be received in evidence, except for good cause shown.

11. _Exchange of Exhibits_:  All exhibits must be pre-marked for trial and exchanged between or among the parties at least **ten (10) days** before trial.  If an exhibit is voluminous, it should be placed in a binder with tabs.


B.  *Filings Prior to Trial in Civil Cases*

Unless otherwise ordered by the Court, requests to charge and proposed *voir dire* questions for jury cases should be filed on ECF **one (1) week** before trial.  Requests to charge are to be limited to the elements of the claims, the damages sought, and defenses.  General instructions will be prepared by the Court.

Unless otherwise ordered by the Court, each party shall file **fifteen (15) days** before the date of commencement of trial (if such a date has been fixed) or **thirty (30) days** before the filing of the final pretrial order (if no trial date has been fixed):

1. By claim, a detailed statement regarding damages and other relief sought;

2. In non-jury cases, a statement of the elements of each claim or defense involving that party, together with a summary of the facts relied upon to establish each element; and

3. In all cases, motions addressing any evidentiary or other issue that should be resolved *in limine*.