UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMIE RICE,

               Plaintiff,

   - against -

RANDY J. SCHAEFER; THE MARGOLIN AND
WEINREB LAW GROUP, LLP; GUSTAVIA HOME,
LLC; JARED DOTOLI; CROSBY CAPITAL USA;
YONEL DEVICO,

               Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-2782 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Jamie Rice brings this action following the entry in this District of a judgment of foreclosure against Rice, and known and unknown lienors, for a property situated at 111-15 34th Avenue in Corona, New York.  The instant action is brought against Gustavia Home, LLC ("Gustavia"), the holder of the mortgage at the time of foreclosure; Jared Dotoli, sole owner and managing member of Gustavia; the Margolin & Weinreb Law Group, LLP ("Margolin & Weinreb"), and Randy J. Schaefer, attorneys for Gustavia and Dotoli; Crosby Capital USA ("Crosby"), the previous holder of the mortgage; and Yonel Devico, a member of Crosby.  (Compl. (Doc. No. 1).)  Rice seeks damages, declaratory judgment, referrals to agencies reporting defendants' conduct, and injunctive relief.  She claims that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; New York General Business Law § 349, relating to deceptive trade practices; New York City Administrative Code § 20-490, relating to licensing of debt collectors; and federal and state criminal statutes.  Before the Court is defendants' motion to dismiss the complaint on grounds of issue preclusion and for failure to state a claim.  (Defs.' Mem. (Doc. No. 18-1).)  For the reasons that follow, defendants'

motion is granted. However, Rice is granted 30 days from the date of this Order to move for leave to amend her complaint as set forth below.

## BACKGROUND

The following facts are taken from the complaint and its exhibits, and are assumed to be true for the purposes of this Order, except where Rice's exhibits contradict her allegations, as noted below. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146–47 (2d Cir. 2011). In 2007, Rice executed a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for E-Loan, Inc., for the principal amount of $275,000. (Mortgage, Ex. I to the Compl. (Doc. No. 1) at 72–84; Balloon Note and Allonge, Ex. G to the Compl. (Doc. No. 1) at 51–53.) The mortgage was subsequently transferred to Lake Icon Portfolio Management I, LLC, then to National Note Group DE LLC1, then to Crosby, and finally to Gustavia. (Compl. ¶¶ 27–30; Balloon Note and Allonge at 52–53; Records of NYC Dep't of Finance, Office of the City Register and Assignments of Mortgage, Exs. J–M to the Complaint (Doc. No. 1) at 85–103.) On May 10, 2016, Gustavia initiated a foreclosure action in this District before the Honorable District Judge Brian M. Cogan, Case No. 16-CV-2353 (the "Foreclosure Action"). (Compl. ¶ 17.) Gustavia obtained judgment against Rice and filed a notice of sale on April 20, 2017. (*Id.* ¶ 35.)

Rice challenges both (1) the validity of the mortgage and its transfer to Gustavia, and (2) counsel's conduct in the Foreclosure Action. With respect to the validity of the mortgage, Rice alleges that: E-Loan, Inc., was not registered to conduct business in New York, so the mortgage was void *ab initio* (Compl. ¶¶ 26, 44, 62–64); Crosby was not registered to conduct business in New York (*id.* ¶ 8); Gustavia was not registered to conduct business in New York until November 10, 2016 (*id.* ¶ 93); and the transfer of the mortgage to Gustavia was invalid both

2

because the transfer occurred "after the statute of limitation[s] to collect on the debt had expired" (*id.* ¶¶ 8, 61, 102) and because "it did not state that the security instrument was being assigned to Gustavia Home, LLC" (*id.* ¶ 30).[1] Rice also alleges breaches of the mortgage contract, including a failure to notify her when Gustavia purchased the debt (*id.* ¶ 39), and failure to serve her with notice of intent to foreclose (*id.* ¶ 37). Rice alleges the notice of intent to foreclose could not have been properly served, because (1) fewer than 30 days had passed between the assignment of the mortgage being offered for recording and the filing of the complaint, and (2) Gustavia did not have an interest in the security instrument. (*Id.* ¶¶ 37–38.)

With respect to counsel's conduct in the Foreclosure Action, Rice alleges that: Schaefer "initiated legal action without looking into his legal basis" and made "false statements" concerning that legal basis (*id.* ¶¶ 4, 50–51); the complaint failed to state the date the loan was due in order to confuse Rice and cause her to waive a statute of limitations argument (*id.* ¶ 36); no evidence was submitted regarding the date of the physical delivery of the note to Gustavia (*id.* ¶ 24); two statements sworn to by Dotoli regarding the due date of the loan were in contradiction (*id.* ¶¶ 32–34);[2] the attorneys failed to indicate that Gustavia was a "debt collector" and not a "creditor" (*id.* ¶ 49); and other, unspecified "bogus" documents and false statements were presented to the Court (*id.* ¶¶ 35, 40, 46, 51).

Rice alleges that Gustavia and its attorneys are debt collectors (*id.* ¶¶ 12–13, 47, 49), and

---

[1] However, Rice attaches to her complaint an "Allonge to Promissory Note," signed by Devico on behalf of Crosby that apparently does expressly convey the loan from Crosby to "Gustavia Home, LLC" on April 17, 2016. (Balloon Note and Allonge at 53.)

[2] Rice alleges the following two statements are contradictory: "Pursuant to paragraph 3 of the note, defendant was required to make monthly payments of principal and interest beginning January 1, 2008, each in the amount of $1,968.23 and containing [sic] the first day of each month thereafter until the maturity date;" and, "The loan is due for the payment that became due on July 1, 2011." (Compl. ¶¶ 32–33 (quoting an affidavit by Dotoli in support of Gustavia's motion for summary judgment in the Foreclosure Action and an affidavit by Dotoli regarding damages in the Foreclosure Action, respectively).)

3

she states that Gustavia "has 49 debt collections cases filed in the Eastern District of New York all within the last 12 months." (*Id.* ¶¶ 80, 92 (referring to "forty nine mortgage foreclosures").)[3]

Finally, Rice makes criminal allegations against Dotoli, Crosby, and Devico. Rice alleges that Dotoli violated New York Penal Law § 105.25 during the Foreclosure Action by perjuring himself, conspiring with attorneys to omit the due date for the loan in the complaint, and "present[ing] Bogus documents and a note with a false allonge." (*Id.* ¶¶ 88–97.) As to Crosby, Rice alleges violations of 18 U.S.C. § 371 through its "conspiracy to join an existing conspiracy" by purchasing "non-performing mortgages" in New York, New Jersey, Connecticut, and Florida, despite not being registered to do business in any of those states. (*Id.* ¶ 100.) Crosby then allegedly sold mortgage loans to Gustavia "after the statute of limitation[s] had expired." (*Id.* ¶ 102.) Devico is alleged to have conspired with Crosby "to commit the tort of falsification in the allonge attached to the note." (*Id.* ¶ 105.)[4]

Rice seeks "maximum damages under each count," compensation for emotional damages, statutory damages, fees, and costs. (*Id.* at 22.) In addition, Rice seeks a declaratory judgment "that the four assignment of mortgages for the subject second mortgage are null and void," requiring defendants to remove all four defective assignments from the title of the property. (*Id.*) Rice also asks this Court to refer this matter to the New York City Department of Consumer Affairs with respect to debt collector registration, and to the U.S. Attorney's Office for the Eastern District of New York for criminal investigation. (*Id.* at 22–23.) Finally, Rice seeks injunctive relief to cancel the auction of the subject property. (*Id.* at 23.)

---

[3] In Rice's opposition to the motion to dismiss, Rice adds allegations that Margolin & Weinreb "initiated legal action on behalf of Gustavia Home, LLC against sixty five (65) properties but thirty five of those cases are currently being prosecuted by the Margolin & [Weinreb] Law Group, LLP, but Gustavia Home ceased to exist as of September 22, 2017." (Pl.'s Opp'n (Doc. No. 17) at 18.)

[4] Rice also makes allegations relating to Blue Lagoon, LLC, which is not a party to this action and does not seem to be involved in the events alleged. (Compl. ¶¶ 25, 81–85, 99, 104.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss a cause of action that fails to state a claim upon which relief can be granted. In order to withstand a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 160–61 (2d Cir. 2010). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

The Court's review is limited to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice. *Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010). The Court generally assumes the truth of the facts alleged and draws all reasonable inferences in the non-movant's favor. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not take allegations as true if they are contradicted by documentary evidence from the exhibits attached to the complaint. *Rogers v. Henry*, No. 16-CV-5271 (KAM) (VMS), 2017 WL 5495805, at *2 (E.D.N.Y. Sept. 12, 2017) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)). Furthermore, although all factual allegations contained in the complaint are generally assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

It is axiomatic that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court must construe a *pro se* complaint with "special solicitude," and interpret it to raise the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). Even so, "a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

## DISCUSSION

### I. Issue Preclusion

The doctrine of issue preclusion, also known as collateral estoppel, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Tsirelman v. Daines*, 19 F. Supp. 3d 438, 449 (E.D.N.Y. 2014) (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984)). "The party invoking collateral estoppel need not have been a litigant in the prior action." *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 424 (S.D.N.Y. 2008); *see also Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 169 (E.D.N.Y. 2010). For issue preclusion to apply, the following four requirements must be met: "(1) the identical issue was actually raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (alteration in original). Here, the "issue" is the validity of the mortgage and foreclosure, and the previous proceeding is the prior Foreclosure Action before Judge Cogan.

Defendants argue that Rice's claims are barred by issue preclusion, because Rice's complaint "is a transparent attempt to relitigate the issues she previously raised – and lost – in

6

the Foreclosure Action." (Defs.' Mem. at 12.) In particular, defendants argue that claims "that the foreclosure was improper and 'bogus,' that the statute of limitations expired, and that the loan was 'void ab initio' and the myriad other factual issues that the Court in the Foreclosure Action had to previously consider in the Foreclosure Action" were "actually litigated and actually decided . . . as they were necessary for the Court to consider." (*Id.* at 12–13.) Rice counters that no preclusion applies because the parties and the causes of action at issue here are different from the Foreclosure Action. (Pl.'s Opp'n (Doc. No. 17) at 18–19.)

The Court takes judicial notice of the arguments raised and decided in the Foreclosure Action. *Jacobs v. Law Offices of Leonard N. Flamm*, No. 04-CV-7607 (DC), 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005). In that action, Gustavia filed a complaint seeking foreclosure upon Rice's alleged default on the mortgage. (FA Compl. (FA Doc. No. 1).)[5] Rice raised arguments in her amended answer regarding, *inter alia*, the statute of limitations, failure to serve notices, and Gustavia's lack of possession of the promissory note. (FA Am. Answer (FA Doc. No. 25).) Gustavia then filed a motion for summary judgment, addressing each of these defenses asserted by Rice. (FA Mot. Summ. J. (FA Doc. No. 26).) Rice opposed the motion, adding allegations that Gustavia's attorneys did not properly verify the allegations in the complaint. (FA Opp'n Summ. J. (FA Doc. No. 32) at 5.) Gustavia replied, and Rice filed a sur-reply. (FA Reply Summ. J. (FA Doc. No. 35); FA Sur-Reply Summ. J. (FA Doc. No. 36).)

Judge Cogan ultimately found that Gustavia "established a *prima facie* case for summary judgment" after having "reviewed the evidence submitted . . . to confirm the assignment and chain of title of the mortgage and note; the payment default under the note; the delivery of the required cure notice; and the failure to cure." (FA Mem. Decision & Order (FA Doc. No. 37) at

---

[5] All citations to the record in the Foreclosure Action, No. 16-CV-2353 (BMC), will be preceded by "FA."

4.) Judge Cogan also specifically found that Rice's claims and arguments opposing summary judgment were unavailing. (*Id.* at 4–6, 9–10.)

Rice subsequently filed a motion to stay the auction and to vacate the judgment of foreclosure and sale ("Motion to Vacate") purportedly based on newly discovered evidence and fraud upon the court. (FA Mot. to Vacate (FA Doc. No. 45).) In the Motion to Vacate, Rice argued, as she does here, that E-Loan, Inc., was not registered to conduct business in New York (*id.* ¶¶ 2–4, 12), that the transfer of the mortgage from Crosby to Gustavia was improper (*id.* ¶¶ 23–24), that Schaefer made misrepresentations and provided false documents to the court (*id.* at 13–15), and that Gustavia failed to comply with the FDCPA, based on the same facts offered here (*id.* at 15–17).

Rice's Motion to Vacate was denied. (FA Order Mot. to Vacate (FA Doc. No. 46.).) Judge Cogan found that the motion "merely renew[ed] arguments that the Court either considered and rejected, or arguments that [Rice] could have raised before (though meritless) but did not." (*Id.* at 1.) "Her arguments are repetitive, but more than that, they are meritless." (*Id.* at 2.) Rice appealed the decision, and the Second Circuit issued a summary order affirming Judge Cogan's Order. *Gustavia Home, LLC v. Rice*, 724 F. App'x 87 (2d Cir. 2018).

On this record, the issues of the validity of the mortgage and the foreclosure were actually and necessarily decided in the Foreclosure Action. *See Rutty v. Esagoff*, No. 17-CV-1485 (BMC) (VMS), 2017 WL 2178432, at *2 (E.D.N.Y. May 17, 2017), *appeal dismissed*, No. 17-1880 (2d Cir. Aug. 23, 2017) ("By virtue of the doctrine of collateral estoppel, plaintiff is precluded from claiming that the foreclosure was improper[.] All of those issues were actually litigated and actually decided by this Court, as they were necessary for the Court to consider them in the Foreclosure Action. . . . Consequently, the Court cannot revisit those arguments

again—the foreclosure was valid."); *see also Best v. Bank of Am., N.A.*, No. 14-CV-6546 (JG) (LB), 2015 WL 5124463, at *4 (E.D.N.Y. Sept. 1, 2015) (finding issues of validity of mortgage and prior foreclosure were precluded); *Pugach v. M&T Mortg. Corp.*, No. 05-CV-2498 (ENV) (MLO), 2007 WL 9697678, at *3 (E.D.N.Y. Oct. 10, 2007) (under issue preclusion, "the finding that M&T was the holder-in-due course of each mortgage necessarily precludes a finding that M&T knew of fraud, if any, in the origination of the loans"). There likewise can be no dispute that Rice "had a full and fair opportunity to litigate all issues relating to [her] mortgage," and she did in fact take advantage of the opportunity to do so. *Chestnut v. Wells Fargo Bank, N.A.*, No. 10-CV-4244 (JS) (ARL), 2011 WL 838914, at *2 (E.D.N.Y. Mar. 2, 2011).

Rice's arguments in opposition do not prevail because issue preclusion does not require the party invoking it to have been a party to the prior action, nor does issue preclusion require identical causes of action. *Tsirelman*, 19 F. Supp. 3d at 449; *Yeiser*, 535 F. Supp. 2d at 424; *see also Swiatkowski*, 745 F. Supp. 2d at 169.

Thus, as all of the requirements of issue preclusion are met, the Court finds that the doctrine bars relitigation of any issues relating to the validity of the Foreclosure Action. Because Rice's FDCPA claims and New York General Business Law claims rest solely on allegations that concern issues previously raised, litigated, and decided in the Foreclosure Action, those claims, as currently pleaded, are barred as to all defendants.[6]

## II. FDCPA

To the extent that Rice may have FDCPA claims independent of the validity of the Foreclosure Action, she has not sufficiently pleaded them here. The FDCPA prohibits debt

---

[6] To the extent Rice intended to allege additional facts in her opposition to defendants' motion to dismiss, these facts also pertain only to the validity of the Foreclosure Action. (Pl.'s Opp'n at 8–9.) Furthermore, these facts were also included in Rice's Motion to Vacate in the Foreclosure Action, which was previously decided. (FA Mot. to Vacate ¶¶ 6–7, 10–16.)

9

collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To establish a violation under the FDCPA for damages, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Healy v. Jzanus Ltd.*, No. 02-CV-1061 (CBA) (ASC), 2002 WL 31654571, at *2 (E.D.N.Y. Nov. 20, 2002).

A "debt collector" under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The plaintiff in an FDCPA action bears the burden of proving the defendant's debt collector status." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004). Creditors seeking to collect their own debts generally are not considered "debt collectors" for the purposes of the FDCPA. *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998).[7] The FDCPA defines a creditor as "any person . . . to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Rice brings claims pursuant to the FDCPA against Gustavia, Dotoli, Margolin & Weinreb, and Schaefer. Rice argues that defendants should be considered debt collectors because Gustavia was assigned the mortgage after it was in default. (Compl. ¶¶ 47–53; Pl.'s

---

[7] The FDCPA can apply to creditors if, in the process of collecting their own debts, a creditor "uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else, or uses a pseudonym or alias." *Maguire*, 147 F.3d at 235 (citation and quotation marks omitted). No such facts have been alleged here.

10

Opp'n at 12–13.)  Defendants argue that they are creditors rather than debt collectors under the FDCPA, and that actions by attorneys to enforce interests in real property do not constitute debt collection activities.  (Defs.' Mem. at 4–6.)  Rice counters that the FDCPA can apply to attorneys "engaged in debt-collection litigation."  (Pl.'s Opp'n at 14 (citing *Heintz v. Jenkins*, 514 U.S. 291 (1995)).)

Rice has not sufficiently alleged that defendants are "debt collectors" or that they committed acts or omissions in violation of the FDCPA.  Beginning with Gustavia, Rice's own exhibits show that "Gustavia Home, LLC" was the holder of the mortgage – that is, the creditor – at the time the Foreclosure Action was commenced.  (Balloon Note and Allonge at 53; Compl. ¶ 30.)  Nowhere does Rice allege that Gustavia attempted to collect debt "for another."  As such, Gustavia was not a debt collector.  *Munroe v. Specialized Loan Servicing LLC*, No. 14-CV-1883 (MKB) (LB), 2016 WL 1248818, at *5 (E.D.N.Y. Mar. 28, 2016) (collecting cases).

Rice's allegations against Dotoli, the sole owner and managing member of Gustavia, fall short as well.  Rice does not allege any facts to establish that Dotoli is a debt collector subject to the FDCPA.  Instead, she argues that Dotoli made contradictory representations in the Foreclosure Action and that he submitted a false allonge.  (Compl. ¶¶ 46, 89–95.)  To the extent those allegations go directly to the validity of the Foreclosure Action, they are barred as noted above, and furthermore, Rice's conclusory claims are not supported by her own factual allegations and exhibits.  (*Id.* ¶¶ 89–90 (alleging two statements that are not in fact contradictory, *supra* note 2); Balloon Note and Allonge at 53.)  Thus, Rice has not pleaded an FDCPA claim against Dotoli.

Rice also has not alleged that defendants Margolin & Weinreb and Schaefer are debt collectors or that they engaged in acts or omissions in violation of the FDCPA.  "As to the role of

the law firm and [an attorney], . . . the vast majority of courts in this Circuit have found that such an action to enforce an interest in real property does not qualify as a debt collection activity." *Rutty v. Esagoff*, No. 17-CV-1485 (BMC) (VMS), 2017 WL 2178432, at *3 (E.D.N.Y. May 17, 2017). Rice does not allege any collection efforts made by Margolin & Weinreb or Schaefer aside from instituting the Foreclosure Action, and therefore she has not alleged that they are debt collectors or that they committed any act or omission in violation of the FDCPA. Thus, Rice's FDCPA claims, as pleaded, are dismissed.

### III. New York General Business Law § 349

As with her FDCPA claims, to the extent that Rice may have meritorious New York General Business Law claims independent of the validity of the Foreclosure Action, she has not sufficiently pleaded them here. New York General Business Law § 349 provides protection against "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. N.Y. Gen. Bus. Law § 349(a). A claim under § 349 must plead three elements: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). Consumer-oriented conduct "need not be repetitive or recurring but defendant's acts or practices must have a broad impact on consumers at large." *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 320 (1995). "Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995).[8]

---

[8] For additional context regarding the extent of injuries the statute contemplates, damages for private actions under § 349 are capped at "actual damages or fifty dollars, whichever is greater," which can be increased to treble damages "up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section." N.Y. Gen.

12

Rice alleges that defendants violated § 349 by virtue of their violations of the FDCPA and because the underlying mortgage and subsequent transfers were invalid. (Compl. ¶¶ 59–64.) Defendants argue first that Rice does not have a claim under § 349 because, "If the FDCPA does not apply then Plaintiff's allegation that Defendants violated NYGBL must also fail,"[9] and second, that to the extent Rice challenges the validity of the mortgage and subsequent transfers, those claims are barred by collateral estoppel. (Defs.' Mem. at 6–7.)

The Court agrees that any issues concerning the validity of the Foreclosure Action are barred, and furthermore, Rice has not alleged any "consumer-oriented conduct" as contemplated by the statute. For these reasons, Rice has not sufficiently pleaded a claim under New York General Business Law § 349.

### IV.  New York City Administrative Code § 20-490

New York City Administrative Code § 20-490 provides, "It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter." A "debt collection agency" is defined as "a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another" or "a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt." N.Y.C. Admin. Law § 20-489(a). Expressly excluded from this definition is "any attorney-at-law or law firm collecting a debt in such capacity on behalf of and in the name of a client solely through activities that may only be performed by a licensed attorney, but not any

---

Bus. Law § 349(h).

[9] Defendants do not cite to any authority for the proposition that claims under New York General Business Law § 349 must fail where the FDCPA does not apply, and the statute on its face is not limited to debt collectors.

13

attorney-at-law or law firm or part thereof who regularly engages in activities traditionally performed by debt collectors, including, but not limited to, contacting a debtor through the mail or via telephone with the purpose of collecting a debt or other activities as determined by rule of the commissioner." N.Y.C. Admin. Law § 20-489(a)(5).

Rice alleges that Gustavia and its attorneys "are required to be registered" as debt collectors pursuant to this statute. (Compl. ¶ 69.) Defendants respond by reiterating that they are not "debt collectors" under the FDCPA.

As an initial matter, it is not clear that a private right of action exists under § 20-490. *See, e.g.*, *Utility Metal Research, Inc. v. Coleman*, No. 03-CV-1463 (SLT) (SMG), 2008 WL 850456, at *7 (E.D.N.Y. Mar. 28, 2008). If such a right does exist, at least two state courts have interpreted "debt collection agency" to include "[e]ntities . . . which purchase defaulted debt and collect the debt for themselves." *PRA III, LLC v. MacDowell*, 15 Misc. 3d 1135(A) (N.Y. Civ. Ct. 2007); *see also Centurion Capital Corp. v. Druce*, 14 Misc. 3d 564, 568 (N.Y. Civ. Ct. 2006). However, another state court has discounted such factors. *Bobby D. Assocs. v. Ohlson*, 21 Misc. 3d 132(A) (N.Y. App. Term 2008) ("The record lacks any competent evidence showing that plaintiff regularly and actively engages in the business of collecting debts owed to others. . . . Similarly lacking in probative value is the document submitted by defendant on reply purporting to show that the underlying credit card account was in default when purchased by plaintiff.").

Because this issue appears to raise novel and unsettled issues of state law, and because the Court by this Order dismisses all federal claims, the Court declines to exercise supplemental jurisdiction over Rice's New York City administrative law claim. 28 U.S.C. § 1367(c)(1), (3); s*ee also Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). To the extent that

the relief Rice seeks may be construed as a motion to refer this matter to the New York City Department of Consumer Affairs (Compl. at 22), it is denied.

## V. Criminal Law Claims

Rice purports to bring claims under New York Penal Law § 105.25 and 18 U.S.C. § 371, which are both criminal statutes relating to conspiracy. (Compl. ¶¶ 87–107.)[10] Rice cannot bring criminal charges. "Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y*, No. 05-CV-4963 (JFB), 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (citations omitted).

## VI. Leave to Amend

Rice seeks leave to add allegations and claims pursuant to the Fair Credit Reporting Act ("FCRA") because defendants "reported erroneous information to credit [b]ureaus regarding Rice and further initiated legal action against Rice which caused plaintiff the loss of credit capacity and/or credit expectancy." (Pl.'s Opp'n at 20.) No further detail is provided. Although Rice does not expressly seek leave to amend her other claims, the Court will address such leave as well.

Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [she] has a valid claim," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2013). The Second Circuit has emphasized, "A *pro se* complaint is to be read liberally. Certainly the court

---

[10] Rice also makes a passing reference to the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, seemingly as a criminal claim, although she does not include RICO in her causes of action. Rice's RICO allegations are merely conclusory, however. For example, she alleges Crosby and Devico "were and are facilitators within the meaning of [RICO], as they act as facilitators to facilitate Rackets." (Compl. ¶ 15; *see also id.* ¶ 103.) Thus, whether intended as a civil or criminal claim, her RICO allegations are insufficient.

should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted). Nonetheless, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Leave to amend is futile if the amended complaint would have no colorable merit and would not withstand a motion to dismiss. *See Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009); *see also Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (holding that denial of leave to amend was proper where barriers to relief for *pro se* plaintiff "cannot be surmounted by reframing the complaint").

As to the claims dismissed by this Order, Rice's pleading deficiencies are a matter of core substance and not of adequacy. At the outset, while Rice styles the bulk of her allegations as FDCPA and New York General Business Law claims, in substance, she merely challenges issues underlying the validity of the Foreclosure Action, which is precluded as a matter of law. No repleading of these facts can remedy that deficiency, not to mention that any such renewed allegations would force defendants to litigate the same issues a third time. Setting those allegations aside, as we must, no reading of the complaint indicates any basis for a valid FDCPA or New York General Business Law claim; there is no suggestion that any defendant acted as a debt collector, engaged in deceptive practices, or engaged in consumer-oriented activity. As to her remaining claims, the Court declines to exercise supplemental jurisdiction over the New York City administrative law claim, and Rice cannot bring criminal charges. As a result, leave to amend these claims is futile, and thus to the extent it is sought, it is denied.

In light of Rice's *pro se* status, however, this Court will accord Rice an opportunity to

move for leave to amend her complaint pursuant to Rule 15(a)(2), solely as to her FCRA claims. Rice is cautioned that if her FCRA claims rest solely on an allegation that her default on the mortgage and the subsequent Foreclosure Action constitute the "erroneous information" provided to credit bureaus, those issues are precluded for the same reasons explained in this Order, and they will not be revived by restyling those claims under the FCRA. Should she have other bases for an FCRA claim and wish to pursue them, Rice must file a motion with the Court within 30 days of the date of this Order, seeking leave to file an amended complaint that includes: (1) a copy of a proposed amended complaint, and (2) an explanation as to why such amendment should be allowed.

Rice is advised that an amended complaint does not simply add to the first complaint. If a proposed amended complaint is accepted, it completely replaces the original. Therefore, the proposed amended complaint must set forth the legal basis and factual allegations in a clear and concise manner in order to support each of the elements of Rice's FCRA claims, including any necessary information contained in the original complaint. The proposed amended complaint must be captioned as a "Proposed Amended Complaint" and must bear the same docket number as this Order.

## CONCLUSION

For the reasons explained above, defendants' motion to dismiss (Doc. No. 18) is granted. Rice is granted 30 days from the date of this Order to move for leave to amend her complaint, solely as to her FCRA claims. Although Rice paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to the *pro*

*se* plaintiff at the address listed on the docket and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2018

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge